**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724 16-md-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *State of Connecticut, et al.*, *v. Teva Pharmaceuticals USA Inc., et al.* | Civil Action No.:  19-2407 |

## DEFENDANT PFIZER INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

Defendant Pfizer Inc. ("Pfizer") respectfully moves this Court for an Order staying all discovery from Pfizer pending resolution of its Motion to Dismiss.   In support of this Motion, Pfizer submits the attached Memorandum of Law.

November 29, 2019

Respectfully submitted,

By: */s/ Ilana H. Eisenstein*

DLA PIPER LLP (US)

Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Pfizer Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724 <br> 16-md-2724 |
| THIS DOCUMENT RELATES TO: <br><br> *State of Connecticut, et al., v. Teva Pharmaceuticals USA Inc., et al.* | HON. CYNTHIA M. RUFE <br><br> Civil Action No.: 19-2407 |

**DEFENDANT PFIZER INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     BACKGROUND ......................................................................................................2

III.    LEGAL STANDARD...............................................................................................3

IV.     ARGUMENT ...........................................................................................................4

       A.      A Stay of Discovery Is Warranted Because No Plausible Claim Has
            Been Alleged Against Pfizer.........................................................................4

       B.      The Balance of Harms Weighs Heavily in Favor of a Stay of Discovery ...............6

       C.      Staying Discovery from Pfizer Will Not Impede the Progress of
            this MDL and Will Promote Judicial Economy........................................................7

V.      CONCLUSION.........................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Actelion Pharms., Ltd. v. Apotex Inc.*,
   Civ. No. 12-5743, 2013 WL 5524078 (D.N.J. Sept. 6, 2013) ..................................................5

*Aponte-Torres v. Univ. of Puerto Rico*,
   445 F.3d 50 (1st Cir. 2006)....................................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................4, 5

*Associated Gen. Contractors of Cal.* v. *Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)................................................................................................................6

*Chudasama v. Maza Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) .............................................................................................4

*Crawford-El v. Britton*,
   523 U.S. 574 (1998)................................................................................................................3

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) .......................................................................................3, 4

*McLafferty v. Deutsche Lufthansa A.G.*,
   No. 08-cv-1706, 2008 WL 4612856 (E.D. Pa. Oct. 15, 2008) ...........................................4, 5

*Neitzke v. Williams*,
   490 U.S. 319 (1989)................................................................................................................4

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
   264 F.3d 344 (3d Cir. 2001)...................................................................................................3

*Pfizer Inc. v. Johnson & Johnson*,
   No. 17-cv-4180, 2018 WL 1071932 (E.D. Pa. Feb. 27, 2018)......................................3, 5, 7

*In re Processed Egg Prods. Antitrust Litig.*,
   No. 08-md-2002, Dkt. No. 3 (E.D. Pa. Dec. 12, 2008)..........................................................5

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .................................................................................................4

*United States ex rel. Spay v. CVS Caremark Corp.*,
   No. 09-4672, 2012 WL 11948492 (E.D. Pa. Jul. 11, 2012) ...............................................3, 4

*Sprague v. Brook*,
   149 F.R.D. 575 (N.D. Ill. 1993)............................................................................................7

*StrikeForce Techs., Inc. v. PhoneFactor, Inc.*,
    No. 13-cv-490-RGA-MPT, 2013 WL 6002850 (D. Del. Nov. 13, 2013) ...............................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................4, 6

*Weisman v. Mediq, Inc.*,
    No. CIV. A. 95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995) ....................................4, 5, 7

**Other Authorities**

Fed. R. Civ. P. 1 ..........................................................................................................................8

Fed. R. Civ. P. 12(b)(6).............................................................................................................4

Fed. R. Civ. P. 26..................................................................................................................3, 8

Defendant Pfizer Inc. ("Pfizer") respectfully submits this memorandum of law in support of its Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss the November 2019 Amended Complaint filed by the State Attorneys General ("Plaintiffs" or "the States").

## I.   INTRODUCTION

This Court should stay discovery from Pfizer pending the resolution of its meritorious Motion to Dismiss the States' November 2019 Amended Complaint.  Am. Compl., Dkt No. 106, 19-cv-2407; Pfizer Motion to Dismiss, Dkt. No. 108, 19-cv-2407.  Pfizer is mindful that, in this multidistrict litigation ("MDL"), the parties have generally proceeded with discovery during the pendency of motions to dismiss.[1]  Pfizer, however, is uniquely situated.  The States' single claim against Pfizer is premised entirely on a conclusory and implausible alter-ego theory of liability.  *See* Am. Comp. ¶¶ 44, 55, 1232.  The States allege no wrongdoing by Pfizer or by Pfizer employees, no communication with any competitor, and no direct activity in the generic drug market.  Rather, the States seek to hold Pfizer liable for the purported conduct of its generics subsidiary, Greenstone LLC ("Greenstone"), by piercing Greenstone's corporate veil.  As outlined in Pfizer's Motion to Dismiss, the States fail to state a claim against Pfizer because they have not alleged any plausible basis to warrant piercing the corporate veil.  Based on this discrete, straightforward legal issue, Pfizer has sought dismissal of the claims against it with prejudice.  The States nonetheless have served both Greenstone *and* Pfizer with party discovery.[2]

The States are not entitled to discovery on their inadequately pleaded veil-piercing claim against Pfizer.  If forced to proceed with discovery, Pfizer would be subject to the full panoply of

---

[1] *See, e.g.*, 16-md-2724, Dkt. Nos. 560, 774, 853, 1046, 1135.

[2] The States served a single set of discovery requests on Pfizer and Greenstone, even though they are separate and distinct legal entities.  Neither Pfizer nor Greenstone has been named as a defendant in any other action in this MDL.

discovery obligations required under this Court's orders and would be required to respond to extensive discovery the States have already propounded on Pfizer.  The balance of harms thus weighs in Pfizer's favor, particularly since the States may obtain any relevant discovery from Greenstone, which is proceeding with the discovery process.  Because of the defendant-specific circumstances presented here, a stay as to Pfizer will not adversely affect the progress of discovery as to other defendants (or plaintiffs) in this MDL.  Accordingly, Pfizer respectfully requests that this Court issue a limited stay of all discovery from Pfizer pending resolution of its Motion to Dismiss.

## II.    BACKGROUND

Pfizer received notice of suit from several State Attorneys General only shortly before the States filed their May 10, 2019 Complaint.  Those notices were the only indication during the States' extensive investigation into the *generic* drug industry that the States considered naming Pfizer, a *branded* drug manufacturer, as a defendant.

Accordingly, on May 5, 2019, Pfizer's counsel wrote the States' Liaison Counsel a letter explaining that the States lacked any basis to name Pfizer as a defendant.  Ex. A, Decl. of Ilana H. Eisenstein ("Eisenstein Decl.") (copy of May 5, 2019 letter).  The letter noted that the States had never alleged any wrongdoing by any Pfizer employee and Pfizer had not even been a subject of the States' years-long investigation.  Because there was "no basis or reason to name or otherwise implicate Pfizer" in this MDL, the letter explained that any "claims against Pfizer would be subject to dismissal at the outset of the litigation."  *Id.*  The States nonetheless named Pfizer *and* Greenstone as defendants on May 10, 2019.

On August 29, 2019, the States served Pfizer and Greenstone with a single set of interrogatories and requests for production.  Ex. B, Eisenstein Decl. (copy of the States' discovery requests).

2

On November 27, 2019—before the agreed-upon deadline for Pfizer and Greenstone to respond to the discovery requests—State Plaintiffs' Liaison Counsel, Joseph Nielsen, confirmed that the States oppose any stay of discovery as to Pfizer.  Eisenstein Decl. ¶¶ 6-7.  The parties are accordingly at an impasse as to the propriety of discovery from Pfizer during the pendency of its Motion to Dismiss.  *Id.* ¶ 8.

## III.   LEGAL STANDARD

This Court has inherent authority to issue a stay of discovery pending the resolution of a motion to dismiss.  *See In re Orthopedic Bone Screw Prod. Liab. Litig*., 264 F.3d 344, 365 (3d Cir. 2001).  Federal Rule of Civil Procedure 26 empowers this Court "to protect a party or person from . . . undue burden or expense," upon a showing of good cause, by limiting the time, place, and manner of discovery, or outright barring discovery on certain subjects.  Fed. R. Civ. P. 26(c); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).  Rule 26 further permits the Court to set the "timing and sequence" of discovery.  Fed. R. Civ. P. 26(d).

When confronted with a dispositive legal issue—*e.g.*, the States' failure to state a claim against Pfizer—this Court has wide discretion to stay discovery until that legal question has been resolved.  *See, e.g.*, *Mann v. Brenner*, 375 F. App'x 232, 240 (3d Cir. 2010) (not precedential opinion); *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09-cv-4672, 2012 WL 11948492, at *1 n.1 (E.D. Pa. Jul. 11, 2012).  Indeed, "a stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."  *Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018) (internal quotation marks and brackets omitted).

Courts within this District typically balance the following considerations when assessing whether such a stay is warranted: (i) the prejudice to the party opposing the stay, (ii) the burden that discovery would impose on the moving party, and (iii) the effect of a stay on the efficiency of

the proceedings. *See, e.g.*, *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-cv-1706, 2008 WL 4612856, at *2 (E.D. Pa. Oct. 15, 2008); *Spay*, 2012 WL 11948492, at *1 n.1. "[T]he balance generally favors granting a motion to stay," moreover, "[w]here a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion." *Weisman v. Mediq, Inc.*, No. 95-cv-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (citing cases). These considerations weigh in favor of staying discovery from Pfizer until this Court resolves Pfizer's meritorious Motion to Dismiss.

## IV.   ARGUMENT

### A.   A Stay of Discovery Is Warranted Because No Plausible Claim Has Been Alleged Against Pfizer

This Court should grant Pfizer's motion to stay discovery because the States have not alleged Pfizer engaged in any anticompetitive conduct and the States' alter-ego theory is facially and plainly inadequate. *See* Pfizer Mot. to Dismiss, Dkt. No. 108, 19-cv-2407.

The Supreme Court has stressed that a plaintiff is "not entitled to discovery" on inadequately pleaded claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007) ("[B]efore proceeding to discovery, a complaint must allege facts suggestive of illegal conduct."). Indeed, the very purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). "[T]he idea that discovery should be permitted before deciding a motion to dismiss 'is unsupported and defies common sense [because t]he purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Mann*, 375 F. App'x at 239 (internal brackets in original) (quoting in parenthetical *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Chudasama v. Maza Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Pfizer's Motion

to Dismiss demonstrates that the States' Amended Complaint falls far short of pleading a viable claim against Pfizer.  Because Pfizer's straightforward, single-issue Motion to Dismiss is dispositive of all claims against it, Pfizer should be dismissed from the suit, not pulled into the discovery process.  *See Pfizer Inc.*, 2018 WL 1071932, at *2; *Weisman*, 1995 WL 273678, at *2.

Allowing discovery to proceed against Pfizer at this juncture would undercut the federal pleading standards and permit any plaintiff to receive extensive discovery just by naming a parent company on a purely conclusory "alter ego" theory.  This Court should reject any interpretation of the Federal Rules that would lead to such an absurd result.

Applying these principles, courts routinely grant stays of discovery while resolving viable motions to dismiss.  In *StrikeForce Technologies, Inc. v. PhoneFactor, Inc.*, for example, the plaintiff asserted patent infringement claims against both a direct competitor and the competitor's parent company under an alter-ego theory of liability.   No. 13-cv-490-RGA-MPT, 2013 WL 6002850, at *5 (D. Del. Nov. 13, 2013).  Much like here, the plaintiff in *StrikeForce* failed to plausibly allege facts to permit piercing the parent company's corporate veil.  The Court dismissed the claims against the parent company and rejected the plaintiff's bid for discovery, observing that a veil-piercing claim "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at *5 (quoting *Iqbal*, 556 U.S. at 678-79).  Other courts have issued stays of antitrust discovery in analogous circumstances.[3]  This Court should similarly grant a limited stay of discovery pending Pfizer's Motion to Dismiss.

---

[3] *See, e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (GEKP), Dkt. No. 3, at 11 (E.D. Pa. Dec. 12, 2008) (staying discovery until further order of the Court in Sherman Act Section 1 case including through motions to dismiss); *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-cv-5743 (NLH/AMD), 2013 WL 5524078, at *4-*7 (D.N.J. Sept. 6, 2013) (staying discovery based on high cost of discovery in antitrust cases where resolution of dispositive motion would obviate the need for discovery); *Pfizer Inc.*, 2018 WL 1071932, at *2 (similar); *McLafferty*, 2008 WL 4612856, at *2-3 (similar).

**B.     The Balance of Harms Weighs Heavily in Favor of a Stay of Discovery**

In light of the broad discovery obligations required by PTO 105 and the extensive discovery propounded on Pfizer by the States, the balance of harms heavily weighs in favor of a limited stay of discovery as to Pfizer.  *See Associated Gen. Contractors of Cal.* v. *Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *Twombly*, 550 U.S. at 559.  If forced to proceed, Pfizer will needlessly incur substantial discovery expenses and resources—even though it should be outright dismissed as a defendant from this litigation.

Pfizer's burden of proceeding with discovery would be substantial in light of the broad discovery the States seek from Pfizer and the production requirements of PTO 105.  The States so far have propounded fifty-nine Requests for Production and two interrogatories on Pfizer.  *See* Ex. B, Eisenstein Decl.  PTO 105 contemplates, moreover, that the results of global search terms and "go gets" would be produced from all defendants—an obligation that would require Pfizer to search for and produce millions of almost entirely irrelevant documents.[4]  Pfizer should not be required to undertake such an expensive and burdensome fishing expedition by virtue of the States' conclusory veil-piercing allegations.  The significant burden and potential prejudice to Pfizer weighs heavily in favor of its requested discovery stay.

On the other hand, neither the States nor the private plaintiffs will be prejudiced by a limited stay of Pfizer's discovery obligations.  The States' Amended Complaint makes no allegation that Pfizer engaged in any wrongdoing, communicated with any of Greenstone's

---

[4] Because Pfizer is a *brand* manufacturer with almost 100,000 employees, any production from Pfizer will entail the review and production of tens of millions of pages of documents, nearly all of which have nothing to do with the *generic drug* industry.

competitors, or participated in or knew of any anticompetitive agreements.  The absence of such allegations suggests that Pfizer custodians do not possess responsive evidence and that any prejudice from a stay of discovery from Pfizer (but not Greenstone) would be minimal, at best. *See, e.g.*, *Weisman*, 1995 WL 273678, at *2 ("Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay."); *Pfizer Inc.*, No. 17-cv-4180, 2018 WL 1071932, at *2 (similar); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (citing cases for the proposition that "[a] plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion").

The States meanwhile may obtain discovery from Greenstone, as well as other Defendants, which are proceeding with responses to the States' discovery requests.  The availability of alternative sources of discovery mitigates against any prejudice resulting from a limited stay of discovery.  *See, e.g.*, *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (holding that a stay of discovery is appropriate where plaintiff "has had an adequate opportunity to conduct discovery").

It is also significant that the States have had years to develop their legal theory that Greenstone is Pfizer's "alter ego," but have not pursued that theory by issuing any civil investigative demand toward Pfizer or any Pfizer employee.  *See* Ex. A, Eisenstein Decl.  Any post hoc assertion of prejudice from a short delay of discovery cannot be reconciled with the States' years of inaction toward Pfizer.

### C.   Staying Discovery from Pfizer Will Not Impede the Progress of this MDL and Will Promote Judicial Economy

Staying discovery from Pfizer will not impede the progress of this MDL.  Pfizer is uniquely situated as a parent company, newly named in this MDL under only a deficient veil-piercing

theory.  As a result, a stay of discovery against Pfizer will not impact the discovery obligations borne by other, differently situated defendants.

By contrast, requiring Pfizer to proceed with discovery during the pendency of its Motion to Dismiss would not promote judicial economy—it will consume the time and resources of the parties, the Court, and the Special Masters, since there likely will be numerous disputes regarding the proper scope of discovery from Pfizer under Rule 26(b)(1).  Such disputes would be properly deferred through a stay, since they will become moot if this Court grants Pfizer's Motion to Dismiss.  Accordingly, granting Pfizer's requested stay of discovery will be just, efficient, and cost-effective.  *See* Fed. R. Civ. P. 1. (stating that the rules governing discovery "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## V.     CONCLUSION

For the foregoing reasons, this Court should grant Pfizer's Motion for a Stay of Discovery pending its resolution of Pfizer's Motion to Dismiss.

November 29, 2019                                    Respectfully submitted,

                                                    By: */s/ Ilana H. Eisenstein*

                                                    DLA PIPER LLP (US)

                                                    Ilana H. Eisenstein
                                                    Ben C. Fabens-Lassen
                                                    1650 Market Street, Suite 5000
                                                    Philadelphia, PA 19103
                                                    Tel: (215) 656-3300
                                                    ilana.eisenstein@dlapiper.com
                                                    ben.fabens-lassen@dlapiper.com

                                                    Edward S. Scheideman
                                                    500 Eighth Street, NW
                                                    Washington, D.C. 20004
                                                    Tel: (202) 799-4000
                                                    edward.scheideman@dlapiper.com

                                                    *Counsel for Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2019, I caused Pfizer Inc.'s Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss to be filed with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania using the ECF system, it is available for viewing and downloading from the ECF system, and a true and correct copy was served via ECF on all counsel of record registered with the ECF system.

/s/ *Ben C. Fabens-Lassen*