**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | MDL 2724 16-MD-2724 |
| **THIS DOCUMENT RELATES TO**: *The State of Connecticut, et al. v. Teva Pharmaceuticals USA, Inc., et al.* | HON. CYNTHIA M. RUFE  19-cv-2407-CMR |

**PLAINTIFF STATES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PFIZER INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................................1

II.    LEGAL STANDARD..................................................................................................1

III.   ARGUMENT ..............................................................................................................2

    A.  Pfizer's Motion to Dismiss is Unlikely to be Successful and Discovery Should Proceed......................................................................................................................2

    B.  Staying Discovery from Pfizer Will Not Promote Judicial Economy and Will Impede the Progress of this MDL..............................................................................4

    C.  Discovery Will not be Unduly Burdensome for Pfizer............................................5

IV.   CONCLUSION...........................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*19th St. Baptist Church v. St. Peters Episcopal Church*,
  190 F.R.D. 345 (E.D. Pa. 2000)......................................................................................1

*Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*,
  No. 11-cv-7178, 2012 U.S. Dist. LEXIS 199564 (D.N.J. July 18, 2012) ...............................6

*Cipollone v. Liggett Group, Inc.*,
  785 F.2d 1108 (3d Cir. 1986)........................................................................................6

*Coca-Cola Bottling Co. v. Grol*,
  No. 92-cv-7061, 1993 U.S. Dist. LEXIS 3734 (E.D. Pa. Mar. 3, 1993) ...........................2, 4

*In re Currency Conversion Antitrust Litig.*,
  MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974 (S.D.N.Y Jan. 22, 2002)....................4

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
  247 F.R.D. 453 (D.N.J. 2007)........................................................................................6

*New England Carpenters Health & Welfare Fund v. Abbott Labs.*,
  No. 12-cv-1662, 2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) ...........................3

*In re Plastics Additives Antitrust Litig.*,
  No. 03-2038, 2004 U.S. Dist. LEXIS 23989 (E.D. Pa. Nov. 29, 2004) ............................2, 5

*Soroush v. Ali*,
  No. 09-3703, 2009 U.S. Dist. LEXIS 100652 (E.D. Pa. Oct. 28, 2009) ...............................1

*Spathos v. Smart Payment Plan, LLC*,
  No. 15-cv-8014, 2016 U.S. Dist. LEXIS 190803 (D.N.J. Apr. 25, 2016)......................1, 2, 6

*Strikeforce Techs., Inc. v. Phonefactor, Inc.*,
  No. 13-cv-490, 2013 U.S. Dist. LEXIS 161560 (D. Del. Nov. 13, 2013)..............................3

*United States v. Breyer*,
  41 F.3d 884 (3d Cir. 1994)............................................................................................1

## Other Authorities

F. R. Civ. P. Rule 12(b)(6).................................................................................................3

James W. Moore et al., *Moore's Federal Practice* (3d ed.2017) ..................................................4

## I.    INTRODUCTION

On November 29, 2019, Defendant Pfizer Inc. ("Pfizer") filed a Motion to Dismiss

Plaintiff States' claims against Pfizer in the States' Amended Complaint.  Simultaneous with that

filing, Pfizer asked this Court stay all of its discovery obligations.  Plaintiff States oppose

Pfizer's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss.  Such a stay is

not appropriate and Pfizer itself acknowledged that parties in this multidistrict litigation

("MDL") have generally proceeded with discovery during the pendency of motions to dismiss.

(*See* Pfizer's Mot. to Dismiss, Dkt. No. 108, 19-cv-2407, at 1).

Staying Pfizer's discovery obligations during the pendency of its Motion to Dismiss will

unnecessarily delay the progress of the Plaintiff States' case against Pfizer and its subsidiary

Greenstone and has the potential to undo progress made by the Court in coordinating

proceedings and discovery in this MDL.  Importantly, Pfizer has failed to meet its burden of

showing "good cause" and is thus not entitled to a stay of discovery.  For these reasons, the

Court should deny Pfizer's Motion to Stay.

## II.    LEGAL STANDARD

A stay of discovery pending the determination of a dispositive motion is an extraordinary

remedy.  *Soroush v. Ali*, No. 09-3703, 2009 U.S. Dist. LEXIS 100652, at *3 (E.D. Pa. Oct. 28,

2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)); *United States v. Breyer*,

41 F.3d 884, 893 (3d Cir. 1994)).  As such, the party moving for a stay of discovery bears the

burden of establishing that "good cause" exists.  *See Spathos v. Smart Payment Plan, LLC*, No.

15-cv-8014, 2016 U.S. Dist. LEXIS 190803, at *1 (D.N.J. Apr. 25, 2016); *19th St. Baptist

Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 350 (E.D. Pa. 2000).  "It is well-settled

that 'the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a

discovery stay.'" *Spathos*, 2016 U.S. Dist. LEXIS 190803, at *1 (quoting *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)).

Moreover, motions to stay discovery are generally disfavored by courts. *See id.* (citing *Coyle v. Hornell Brewing Co.*, 2009 U.S. Dist. LEXIS 49109, at *9-10 (D.N.J. June 9, 2009)). Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coca-Cola Bottling Co. v. Grol*, No. 92-cv-7061, 1993 U.S. Dist. LEXIS 3734, at *6 (E.D. Pa. Mar. 3, 1993). In determining whether the extraordinary remedy of a stay is appropriate, courts must balance the interest of the plaintiffs, the convenience of the court in management of its cases and the efficient use of judicial resources, and the burden on the defendant. *See In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 U.S. Dist. LEXIS 23989, at *15 (E.D. Pa. Nov. 29, 2004). The balance of these considerations weighs against granting Pfizer's Motion to Stay.

## III.    ARGUMENT

### A. Pfizer's Motion to Dismiss is Unlikely to be Successful and Discovery Should Proceed

Pfizer's Motion to Dismiss is unlikely to succeed because the Plaintiff States adequately pled sufficient specific facts to state a plausible claim for relief against Pfizer. As articulated in the Plaintiff States' Memorandum of Law in Opposition to Defendant Pfizer's Motion to Dismiss, the Plaintiff States alleged sufficient facts to show a failure by Pfizer and Greenstone to observe corporate formalities and that Greenstone is merely a façade for Pfizer's operations. Specifically, the Plaintiff States accuse Pfizer of acting through its alter ego Greenstone to participate in the antitrust misconduct pervading the generic pharmaceutical industry. (Am. Comp. at ¶ 1232). The Amended Complaint also alleges, *inter alia*, that Pfizer and Greenstone

share the same corporate campus, that Pfizer counts most of Greenstone's employees as Pfizer employees, that Pfizer serves as the human resources department for Greenstone, and that Pfizer participates, controls and directs Greenstone's business activities, including Greenstone's marketing and sale of generic drugs.  (*Id.* at ¶¶ 44, 55, 672, 1232).

Moreover, Pfizer's reliance on *Strikeforce Techs., Inc. v. Phonefactor, Inc.*, for support that courts routinely grant stays of discovery while resolving viable motions to dismiss is wholly inapposite.  The court in *Strikeforce*, decided whether the plaintiff's claims against a parent company for its subsidiaries' actions were sufficient under Rule 12(b)(6) of the Federal Rule of Civil Procedure.  No. 13-cv-490-RGA-MPT, 2013 U.S. Dist. LEXIS 161560 at *1-2 (D. Del. Nov. 13, 2013).  The court, however, did <u>not</u> address whether a motion to stay discovery was appropriate while considering a motion to dismiss.  *See id.*  Obviously, the court, in dismissing plaintiff's claim against the parent company, did not allow that plaintiff to proceed with discovery against the parent company.  *Id.*  Nothing in the court's opinion in *Strikeforce* addressed whether a stay of discovery was appropriate while the plaintiff's motion to dismiss was pending.  *Id.*  As such, *Strikeforce* provides no support for Pfizer's position that this Court should stay discovery prior to addressing the sufficiency of Pfizer's Motion to Dismiss.

Likewise, Pfizer's usage of *Twombly* and *Iqbal* to shield itself from its discovery obligations is also misplaced.  Indeed, courts have consistently recognized that "*Twombly* and *Iqbal* do not mandate that a motion to stay should be granted every time a motion to dismiss is filed."  *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12-cv-1662, 2013 U.S. Dist. LEXIS 35644 at *7 (N.D. Ill. Feb. 20, 2013) (denying defendants' motion to stay).

Where, as here, the dismissal motion does not raise a pure question of law but instead challenges the sufficiency of the facts alleged to support the claims, courts have recognized that

3

the dismissal motion "does not militate in favor of a stay." *In re Currency Conversion Antitrust Litig.*, MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974, at *6 (S.D.N.Y Jan. 22, 2002); *see also* 6 James W. Moore et al., *Moore's Federal Practice* § 26-105[3][c] (3d ed.2017) (factors relevant to a stay include "whether it is a challenge as a matter of law or to the sufficiency of the allegations"). In these circumstances, the resolution of the motion to dismiss is not necessarily dispositive because the pleadings may be amended to address any deficiencies. *Coca-Cola Bottling Co.*, 1993 U.S. Dist. LEXIS 3734, at *7 (citation omitted). Moreover, a request to stay discovery "is rarely appropriate where resolution of the motion to dismiss will not dispose of the entire case." *Id.*

Here, Pfizer's Motion to Dismiss merely challenges the sufficiency of the Plaintiff States' allegations. (*See* Def.'s Mot. to Dismiss at 2). Even if Pfizer is successful in its Motion to Dismiss, the resolution is not necessarily dispositive as Plaintiff States will seek leave of the Court to amend their complaint to address any deficiencies identified by the Court. Moreover, discovery in the MDL is proceeding regardless of whether or not Pfizer is a participant. Staying discovery as to Pfizer will not dispose of the entire case, and as is explained in Section III.B below, such a stay will likely result in a different timeline for Pfizer's production of discovery materials than that created by the Court in Pretrial Order ("PTO") 105 and amended in PTO 110. As such, the Court should deny Pfizer's Motion to Stay.

**B. Staying Discovery from Pfizer Will Not Promote Judicial Economy and Will Impede the Progress of This MDL**

Staying discovery for Pfizer will negatively impact Plaintiff States' ability to develop their claims and proceed with discovery in this MDL in an efficient manner. Moreover, a stay will limit the efficiencies created by the Court's prior orders related to discovery and result in judicial waste.

4

Staying merits-based discovery in litigation hinders the Court from fulfilling its responsibility to keep its "docket moving to provide litigants with a timely and effective resolution of their claims." *In re Plastics Additives Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, at *22 (citations omitted).  The Court has put in place mechanisms and deadlines to move the MDL along in an efficient and expeditious manner.  (*See* Pretrial Order No. 105, ECF 1135; Pretrial Order No. 110, ECF 1179).  Parties to the MDL, including counsel for Pfizer, have spent significant time briefing, arguing, and providing input to the Court and Special Masters on the most efficient manner to move this litigation forward.  After considering the input from the parties and the Special Masters, the Court entered PTO 105, which was subsequently modified by PTO 110.  As the Court, noted PTO 105 lays out "a road map to move the litigation forward."  (PTO No. 105 at n.1).

After months of briefing, arguments, and efforts from both the Court and the Special Masters, Pfizer now asks the Court to take steps to effectively undermine the road map provided in PTO 105.  If a stay is granted for Pfizer and the Court either denies Pfizer's pending Motion to Dismiss or grants the States leave to amend its complaint, a significant number of the deadlines in PTOs 105 and 110 will likely have to be extended for Pfizer. (*See* PTO No. 105; PTO No. 110).  Any disputes that arise between Plaintiff States and Pfizer may have to be addressed by the Special Masters or the Court outside of the timeframes established by PTOs 105 and 110.  This will be a burden on Plaintiff States, the Special Masters and likely the Court.  Such a burden does not promote judicial efficiency and does not support the stay that Pfizer is seeking.

### C. Discovery Will Not be Unduly Burdensome for Pfizer

Pfizer's claim that a stay is appropriate in light of what it believes are broad discovery obligations does not constitute "good cause."  Pfizer has the burden of establishing "good cause"

to stay discovery.  *See Spathos*, No. 15-cv-8014, 2016 U.S. Dist. LEXIS 190803, at *1.

Moreover, broad or vague allegations of harm do not prove "good cause." *See Cipollone v.*

*Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

In attempting to meet this burden, Pfizer makes broad allegations that responding to

Plaintiff States' requests will cause it to incur substantial discovery expenses and resources.

(Def.'s Mot. to Stay at 6).  Pfizer provides the Court with vague details about the burden

associated with responding to Plaintiff States' discovery requests.  It boldly claims that since it

such a large company with almost 100,000 employees, it necessarily will have to produce

millions of documents.  (*Id.* at n.4).

Pfizer, however, fails to provide this Court with sufficient details outlining exactly what

the burden will be to constitute "good cause" for the stay of discovery.  Courts in this Circuit and

elsewhere have consistently held that similar arguments about the general burden of discovery

are not sufficient to warrant highly disfavored discovery stays.  *See, e.g.*, *Adriana Castro, M.D.,*

*P.A. v. Sanofi Pasteur Inc.*, No. 11-cv-7178, 2012 U.S. Dist. LEXIS 199564, at *4 n.2 (D.N.J.

July 18, 2012); *Gerald Chamales Corp.*, 247 F.R.D. at 454-55.

Importantly, this Court has organized this MDL in a manner that balances the needs of all

parties.  In issuing PTOs 105 and 110, the Court has established protocols that guide discovery in

an efficient manner and protect the parties from unduly burdensome discovery by providing a

mechanism for a defendant, like Pfizer, to seek the intervention of the Special Masters and the

Court.  Specifically, PTOs 105 and 110 only require Pfizer to run search terms through the

custodial files of the agreed upon custodians.  (*See* PTO No. 105 at ¶3).  Pfizer will not be

required to run the search terms through all of its almost 100,000 employees' custodial files.

On the contrary, given its representation that most of the documents in its possession, custody, and control "have nothing to do with the *generic drug* industry," it is likely that Pfizer will only have a limited number of custodians that are at issue.  (Def.'s Mot. to Dismiss at 6 n.4). (emphasis in original).  Additionally, as with all other parties to the MDL, Pfizer has the ability to object and seek the intervention and protection from the Special Masters and the Court to any search terms that are unduly burdensome.  (PTO No. 105 at ¶3(c)).  As such, Pfizer has not met its burden of establishing "good cause" and its Motion to Stay should be denied.

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny Pfizer's Motion to Stay Discovery.

Respectfully submitted,

STATE OF CONNECTICUT WILLIAM TONG ATTORNEY GENERAL

STATE OF OHIO DAVE YOST ATTORNEY GENERAL

By:   /s/ W. Joseph Nielsen
Federal Bar No. ct20415
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5040
Fax: (860) 808-5391
Joseph.Nielsen@ct.gov

By:   /s/ Edward J. Olszewski
Edward J. Olszewski
Matthew K. McKinley
Robert J. Yaptangco
Assistant Attorneys General
150 East Gay Street, 22nd Floor
Columbus, OH 43215
Tel: (614) 466-4328
Fax: (866) 533-7140
edward.olszewski@ohioattorneygeneral.gov
matthew.mckinley@ohioattorneygeneral.gov
Robert.yaptangco@ohioattorneygeneral.gov

*Liaison Counsel for the Plaintiff States*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2020, I caused Plaintiff States'

Memorandum of Law in Opposition to Defendant Pfizer Inc.'s Motion to Stay Discovery

Pending Resolution of Its Motion to Dismiss to be filed with the Clerk of Court of the United

States District Court for the Eastern District of Pennsylvania using the ECF system which will

serve a copy on all interested parties registered for electronic filing, and is available for viewing

and downloading from the ECF system.


/s/ Edward J. Olszewski
Edward J. Olszewski
Assistant Attorney General