IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *State of Connecticut, et al.*, v. *Teva Pharmaceuticals USA Inc., et al.* | Civil Action No.: 19-2407 |

**DEFENDANT PFIZER INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS**

**I.      INTRODUCTION**

All discovery from Pfizer Inc. ("Pfizer")—but not its subsidiary, Greenstone LLC ("Greenstone")—should be stayed until this Court resolves Pfizer's meritorious motion to dismiss. *See* Pfizer Stay Br., ECF No. 109; *see also* Pfizer Mot. to Dismiss, ECF No. 108.  As explained in Pfizer's opening brief, a short stay of discovery is warranted because: (i) Pfizer's Motion to Dismiss with prejudice, which is based on a discrete, straightforward issue of corporate law, is well-founded and should be granted; (ii) the States are not entitled to discovery on their inadequately pleaded claims against Pfizer; (iii) there are absolutely no allegations of wrongdoing by Pfizer in the States' Amended Complaint; (iv) the balance of equities weighs heavily in Pfizer's favor; and (v) a stay will promote judicial economy and the orderly progression of the MDL.  *Id.* at 4-7.  Nothing in the States' Opposition refutes these conclusions.  But it does confirm that the States oppose a stay only because *they hope discovery will enable them to plead a viable claim against Pfizer*.  That is improper and demonstrates precisely why this Court should grant Pfizer's motion for a limited-duration stay of discovery.

**II.     ARGUMENT**

    **A.     A Limited Stay Is Warranted Because Pfizer's Motion to Dismiss is Meritorious**

Courts in this District (and elsewhere) routinely recognize that a stay pending a motion to dismiss should be granted where, as here, the dismissal motion is well-founded and would eliminate all claims against the moving defendant.  *See* Pfizer Stay Br. at 3-5 (citing cases).  The States incorrectly argue that stays of discovery are "generally disfavored" or that they are an "extraordinary remedy."  States' Stay Opposition Br. ("States' Stay Br.") at 1-2, ECF No. 120.  To the contrary, it is well-settled that "the balance *generally favors granting a motion to stay*" "[w]here a pending motion to dismiss may dispose of the entire action and where discovery is not

1

needed to rule on such motion." *Weisman v. Mediq, Inc.*, No. 95-cv-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (emphasis added) (citing cases); *see, e.g.*, *Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 WL 1071932, at *1 (E.D. Pa. Feb. 27, 2018) (describing stays pending motions to dismiss as entirely "proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay" (brackets in original)).

The States argument in response—that a stay of discovery should be denied because Pfizer's Motion to Dismiss will resolve all claims against Pfizer but *will not resolve this entire MDL*—is nonsensical and certainly not a reason to deny a *defendant-specific stay.* States' Stay Br. at 4. The States' argument, if accepted, would effectively prohibit individual defendants from ever obtaining short, pleading-stage stays of discovery in multi-defendant cases. That is clearly not the law. *See, e.g.*, *Weisman*, 1995 WL 273678, at *2 (citing cases); Pfizer Mot. at 5 n.3 (citing cases); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010) (holding that a stay of discovery is generally appropriate when a party raises a potentially dispositive threshold issue). A stay of discovery limited to Pfizer is warranted because Pfizer's motion to dismiss will result in an "outright elimination of discovery" *from Pfizer*. *Johnson & Johnson*, 2018 WL 1071932, at *1.

### B. A Limited Stay Is Warranted Because the States Are Not Entitled to Discovery to Replead Their Claims

The States also are incorrect that they are entitled to discovery from Pfizer so that they may try again, *for the third time*, to plead a plausible veil-piercing claim against Pfizer based on its garden variety parent-subsidiary relationship with Greenstone. The States assert that "[*e*]*ven if Pfizer is successful in its Motion to Dismiss*, the resolution is not necessarily dispositive [of whether a stay is warranted] as Plaintiff States will seek leave of the Court to amend their

2

complaint to address any deficiencies identified by the Court." States' Stay Br. at 4 (emphasis added).

As stated in Pfizer's Motion to Dismiss and Reply Brief, however, the States' claims against Pfizer should be dismissed with prejudice. The States already had the benefit of their pre-suit investigation, were put on notice by Pfizer before their May 2019 Complaint that Pfizer would not be a properly named defendant, and have already amended their Complaint. *See* ECF No. 109-2 (Letter from Pfizer's counsel to J. Nielsen). Their Opposition proffers *no* new facts to resurrect their deficient claims because no such facts exist. Further bites at the apple are not appropriate and will be futile.

If Pfizer's Motion to Dismiss is successful, the States are not entitled to party discovery from Pfizer—despite their contrary suggestion. In fact, the States concede elsewhere in their Opposition that, "[*o*]*bviously*, the court, in dismissing plaintiff's claim against the parent company, *did not allow that plaintiff to proceed with discovery against the parent company.*" States' Stay Br. at 3 (emphases added) (discussing the *StrikeForce* decision, which rejected a similar argument that the plaintiff would be able to plead viable veil-piercing claims if permitted to conduct discovery).

### C. A Limited Stay Is Warranted Because the States' Position Conflicts with the Federal Rules

Pfizer's stay motion explains why the holdings of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) justify a stay of discovery. Pfizer Stay Br. at 3-5. Rather than grapple with this well-settled law, the States instead make the unsupported claim that Pfizer should not be able to invoke "*Twombly* and *Iqbal* to shield itself from discovery." States' Stay Br. at 3. But *Twombly* and *Iqbal* hold exactly that: the Federal Rules "do[ ] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S.

3

at 678-79.  If anything, *Iqbal* and *Twombly* make clear that the States are not entitled to discovery—especially not costly and burdensome antitrust discovery—based on their conclusory and deficient allegations against Pfizer.  *E.g.*, *Twombly*, 550 U.S. at 558, 563 n.8 (observing that the "basic deficiency [of a complaint] should be exposed at the point of minimum expenditure of time and money by the parties and the court" and that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct" (ellipses omitted)); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

The States cannot now avoid the clear-cut application of this federal pleading requirement by recasting Pfizer's Motion to Dismiss as raising questions of fact.  *See* States' Stay Br. at 3-4.  Pfizer's Motion to Dismiss does not require the resolution of any fact dispute or taking of evidence.  The States' claims fail as a matter of law not only because they fail to provide any factual basis to disregard an appropriate parent-subsidiary relationship, but also because they are based on a legal veil-piercing theory that finds no basis in law—as explained in Pfizer's Motion to Dismiss and Reply Brief.

> **D. A Limited Stay Is Warranted Because It Would Not Cause Delay or Impede the Progress of the MDL**

Pfizer already demonstrated that a short-duration stay will not cause undue delay or impede the progression of the MDL.  Pfizer Stay Br. at 7-8.  In response, the States simply conclude, without explanation, that a stay will prevent them from prosecuting their case.  It is hard to imagine how a short stay of discovery against only Pfizer will "unnecessarily delay the progress of the Plaintiff States' case against Pfizer and its subsidiary Greenstone," when the States are already proceeding with discovery against Greenstone.

4

There is also no basis for the States' unsupported assertion that a stay will undermine the "roadmap provided in PTO 105." States' Stay Br. at 5. Pfizer and Greenstone intend to fully comply with that discovery framework. But the PTO 105 framework does not justify the States' apparent expectation that they can receive discovery from all *new defendants*—even those, like Pfizer, which *do not even sell generic drugs*—merely by asserting facially deficient claims. Limits on discovery start at the pleading stage; plaintiffs are not entitled to discovery by pleading inadequate and conclusory claims. *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 678-79. PTO 105 does not disturb that baseline premise of all federal litigation.

The States vaguely and misleadingly argue that if a stay is granted, "a significant number of the deadlines in PTOs 105 and 110 will likely have to be extended for Pfizer." States' Stay Br. at 5. But this ostensible concern is a product of the States' own failure to plead an adequate factual or legal basis for their claims, and it will become moot should this Court dismiss all claims against Pfizer with prejudice. Moreover, it is entirely unclear what "deadlines" the States are referring to; and they fail to mention that the States have agreed with Greenstone to separately negotiate reasonable discovery deadlines and they are cooperatively proceeding under that agreement. *See* PTO 105 ¶ 1 ("Discovery with respect to those defendants shall be governed by separate agreement(s) to be negotiated by the parties or separate order(s), recommended by the Special Master and/or as decided by the Court.").

**F.  A Stay Is Warranted Because It Will Promote Judicial Economy and Avoid the Discovery Disputes that the States Appear to Invite**

In its opening brief, Pfizer explained how a stay will promote judicial economy because allowing discovery from Pfizer to proceed "will consume the time and resources of the parties, the Court, and the Special Masters, since there likely will be numerous disputes regarding the proper scope of discovery from Pfizer under Rule 26(b)(1)." Pfizer Stay Br. at 8. The States' response—

5

that Pfizer may "seek the intervention of the Special Masters and the Court" to resolve disputed discovery issues—only underscores the inefficiency of proceeding with discovery while Pfizer's Motion to Dismiss is pending.  States' Stay Br. at 4; *see*, *e.g.*, *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-cv-1706, 2008 WL 4612856, at *2-3 (E.D. Pa. Oct. 15, 2008) (granting motion to stay discovery pending resolution of motion to dismiss Section 1 Sherman Act conspiracy claim and explaining that "delaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim, may help to streamline the expensive discovery process, and*, thereby, minimize the burden on counsel, parties and the Court*" (emphasis added)).  If a short stay is granted, Pfizer, the States, the Court, and the Special Masters will not have to waste time and resources on discovery disputes that likely will become moot once that Court resolves Pfizer's Motion to Dismiss.  A stay therefore would promote judicial economy and the orderly and cost-effective progression of this MDL.

## III.   CONCLUSION

For these reasons, this Court should grant Pfizer's Motion to Stay Discovery pending resolution of its Motion to Dismiss.

February 11, 2020                                        Respectfully submitted,

By: */s/ Ilana H. Eisenstein*

DLA PIPER LLP (US)

Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
edward.scheideman@dlapiper.com

***Counsel for Pfizer Inc.***