**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al.*, *v. Teva Pharmaceuticals USA Inc., et al.* | No. 19-CV-2407 |

**DEFENDANT RICHARD ROGERSON'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Richard Rogerson, by and through his undersigned counsel, Cozen O'Connor, hereby moves this Court for the entry of an order dismissing all claims against him in Plaintiffs' Amended Complaint (Dkt. No. 106, Counts 33 and 35) pursuant to Federal Rule of Civil Procedure 12(b)(6). The grounds for this Motion are set forth more fully in the accompanying Memorandum of Law.

Dated: November 2, 2020

Respectfully submitted,

*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR P.C.
277 Park Avenue, 20th Floor
New York, NY 10172
(212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
COZEN O'CONNOR P.C.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Attorneys for Defendant Richard Rogerson*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al.*, *v. Teva Pharmaceuticals USA Inc., et al.* | No. 19-CV-2407 |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Motion to Dismiss filed by Defendant Richard Rogerson, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED** and Counts 33 and 35 of the Amended Complaint are **DISMISSED** as to Defendant Richard Rogerson.

BY THE COURT:

_____
Rufe, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al.*, *v. Teva Pharmaceuticals USA Inc., et al.* | **ORAL ARGUMENT REQUESTED**<br><br>No. 19-CV-2407 |

**DEFENDANT RICHARD ROGERSON'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**TABLE OF CONTENTS**

 I. Introduction ................................................................................................................... 1
 II. Background ................................................................................................................... 1
      A.     Plaintiffs' Amended Complaint and Allegations Against Mr. Rogerson ............... 1
III. Argument ....................................................................................................................... 2
      A.     Plaintiffs' Claims Against Mr. Rogerson Does Not Satisfy *Twombly* ................... 2
            1.     Applicable Legal Standard .......................................................................... 2
            2.     Plaintiffs' Allegations of Unsubstantiated Calls Followed by Pricing Changes Does Not Meet Their Burden ........................................................ 3
      B.     Plaintiffs' Sherman Act Claim Against Mr. Rogerson Is Time Barred ................. 5
      C.     Plaintiffs' Pendant State Law Claims Should Be Dismissed ................................. 6
IV. Conclusion ..................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 2, 3

*In re Baby Food Antitrust Litig.*,
  166 F.3d 112, 126 (3d Cir. 1999) ................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 2, 3, 6

*In re Generic Pharm. Pricing Antitrust Litig.*,
  386 F. Supp. 3d 477 (E.D. Pa. 2019) .......................................................................... 2

*In re OSB Antitrust Litig.*,
  No. 06-826, 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007) ........................................ 3, 6

*Pelletier v. Endo Int'l PLC*,
  439 F. Supp. 3d 450, 464 (E.D. Pa. 2020) ............................................................... 4, 6

*In re Processed Egg Prod. Antitrust Litig.*,
  821 F. Supp. 2d 709, 720 (E.D. Pa. 2011) .................................................................. 2

*In re Processed Egg Prods. Antitrust Litig.*,
  No. MDL No. 2002, 2011 U.S. Dist. LEXIS 139995 (E.D. Pa. Nov. 30, 2011) ......... 7

*St. Clair v. Citizens Fin. Grp.*,
  340 F. App'x 62 (3d Cir. 2009) ................................................................................... 7

*Valspar Corp. v. E.I. Du Pont De Nemours & Co.*,
  873 F.3d 185, 199-200 (3d Cir. 2017) ..................................................................... 4, 6

**Statutes**

Sherman Act, 15 U.S.C. §15b ............................................................................................. 6

**I.     Introduction**

Plaintiffs' claims against Individual Defendant Richard Rogerson should be dismissed because the alleged communications he had with another Individual Defendant are just as consistent with legal behavior as with joining an alleged conspiracy, and thus the allegations do not satisfy *Twombly* and *Iqbal*. Specifically, Plaintiffs allege in their Amended Complaint that after communications between the two individuals, Defendant Teva allegedly raised prices on certain drugs as part of a much broader conspiracy between twenty-one Corporate Defendants and sixteen Individual Defendants. But Plaintiffs' allegations regarding Mr. Rogerson's communications with another Individual Defendant do not meet its pleading burden, and Plaintiffs do not allege that Mr. Rogerson had any personal knowledge of the alleged "overarching" conspiracy nor specific contact with any other competitor allegedly leading to a price increase, and thus fail to "'delineate[] to some sufficiently specific degree that a defendant purposefully joined and participated in the conspiracy.'" *In re Generic Pharm. Pricing Antitrust Litig.*, 386 F. Supp. 3d 477, 482 (E.D. Pa. 2019) (*quoting In re Processed Egg Prod. Antitrust Litig.*, 821 F. Supp. 2d 709, 720 (E.D. Pa. 2011)). Plaintiffs must allege "particularized facts that each Defendant undertook certain acts, or engaged in certain conduct . . . that plausibly suggest that particular Defendant's embrace of that overarching conspiracy." *Processed Egg*, 821 F. Supp. 2d at 721. Because the Amended Complaint does not do so as to Mr. Rogerson and the action was not brought within the statute of limitations, it should be dismissed.

**II.    Background**

    **A.     Plaintiffs' Amended Complaint and Allegations Against Mr. Rogerson**

Plaintiffs generally allege that manufacturers of generic pharmaceuticals entered into a horizontal conspiracy to fix prices and allocate markets for various drugs between 2012 and 2015, and further alleges that different Defendants conspired for different generic drugs. Am. Compl.

1

¶¶ 2, 536-39.  Two Counts of the Amended Complaint out of 35 are asserted against Mr. Rogerson, Counts 33 and 35, alleging that as the former Director of Pricing and Business Analytics at Actavis, "Defendant Rogerson took active steps to facilitate market allocation and price fixing agreements," and "participated directly or indirectly in these conspiracies by communicat[ing] with competitors."  *Id.* at 1400-01.  However, the only communications identified in the Amended Complaint as to Mr. Rogerson, discussed below, are with one other Individual Defendant and are described by Plaintiffs at most by the date and amount of time those calls allegedly lasted.  Critically, these communications do not describe any agreement or meeting of the minds between the two Individual Defendants; rather, accepting all allegations as true as required, at best these communications describe one individual receiving information from another individual, and sending internal emails about how to respond strategically to that information.  In fact, several emails relied upon by Plaintiffs state that the one Individual Defendant was "follow[ing]" the pricing of another company, precisely the type of conscious parallelism in an oligopolistic market recognized by the law as legal.

**III.    Argument**

    **A.    Plaintiffs' Claims Against Mr. Rogerson Does Not Satisfy *Twombly***

        **1.    Applicable Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  "'Labels and conclusions' . . . will not do," *Twombly*, 550 U.S. at 555, and, to properly plead an antitrust claim, "plaintiff[s] must allege that each individual defendant joined the conspiracy and played some role in it."  *See In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253419, at *5 (E.D. Pa. Aug. 3, 2007).  Thus, the "plaintiff's pleading burden is to offer allegations that plausibly suggest

that the defendant agreed to the conspiracy," which requires demonstrating that each defendant made "a conscious commitment to a common scheme designed to achieve an unlawful objective." *In re Processed Egg*, 821 F. Supp. 2d at 719.

### 2. Plaintiffs' Allegations of Unsubstantiated Calls Followed by Pricing Changes Does Not Meet Their Burden

The Third Circuit has made clear that "interdependent pricing" or "conscious parallelism" in the context of an alleged antitrust conspiracy is legal. In *Valspar Corp. v. E.I. Du Pont De Nemours & Co.*, the Court considered the plaintiff's claim that it was "inconceivable that, on 31 occasions, the competitors conducted independent analyses and nearly simultaneously arrived at identical price increase amounts to be implemented on exactly the same day." 873 F.3d 185, 199-200 (3d Cir. 2017). In rejecting that contention, the Court held "that characterization of the suppliers' price announcements neglects the theory of conscious parallelism and flies in the face of our doctrine that in an oligopoly any rational decision must take into account the anticipated reaction of the other firms." *Id.* The Court further explained: "[t]o forbid firms in an oligopoly from considering conscious parallelism in its internal pricing decisions would be to require a firm to do the impossible: set its prices *without regard* to the likely reactions of its competitors." *Id.* (emphasis in original) (quoting *Clamp-All Corp. v. Cast Iron Soil Pipe Inst.*, 851 F.2d 478, 484 (1st Cir. 1988) (Breyer, J.))); *see also In re Baby Food Antitrust Litig.*, 166 F.3d 112, 126 (3d Cir. 1999) ("In a highly competitive industry . . . it makes common sense to obtain as much information as possible of the pricing policies and marketing strategy of one's competitors."). Although *Valspar* affirmed an award of summary judgment, the same principle regarding the legality of such conduct holds at the motion to dismiss stage: the pleadings must show more than mere conscious parallelism or interdependent decision making. *See Pelletier v. Endo Int'l PLC*, 439 F. Supp. 3d 450, 464 (E.D. Pa. 2020) (applying *Valspar* in granting motion to dismiss).

Each of Plaintiffs' allegations regarding Mr. Rogerson's communications with another Individual Defendant, analyzed under this standard, show at best (and often not) such interdependent decision making or conscious parallelism. Far from the "31 occasions" of simultaneous pricing changes at issue in *Valspar*, Plaintiffs only plead:

- Three calls between Mr. Rogerson and the Individual Defendant in May 2013, with no other alleged communications involving Mr. Rogerson before an alleged conspiracy regarding a drug took effect in October 2013 (Am. Compl. at 282-84, 292);

- Three calls of unspecified times between Mr. Rogerson and the Individual Defendant on March 17, 2014, and a call on April 16, 2014 that "apparently clos[ed] the loop" on an alleged conspiracy that is not specified (Am. Compl. 338, 339);

- Four calls, three of which are at unspecified times on May 8, 2014 between Mr. Rogerson and the Individual Defendant, after which the Individual Defendant allegedly wrote an internal email to her colleagues recommending they concede two accounts for a drug (Am. Compl. 347);

- Four calls of unspecified times on May 9, 2014 and May 22, 2014 between Mr. Rogerson and the Individual Defendant in which the latter "found out that Actavis rescinded their offer" on a drug and reported that to her supervisor (Am. Compl. 348), and on May 24, 2014, an internal email from the Individual Defendant's supervisor stating "okay to concede" (Am. Compl. 351);

- An eight-second call from the Individual Defendant to Mr. Rogerson on July 8, 2013, which preceded an alleged price increase (Am. Compl. 665);

- As part of a series of calls between Mr. Rogerson and the Individual Defendant from January to April 2014, the Individual Defendant sent internal emails to colleagues regarding Teva's potential strategy including statements that "[w]e intend to follow where we can," and "Actavis took an increase. *We will follow*." (Am. Compl. 772-78) (emphasis added);

- After calls between Mr. Rogerson and the Individual Defendant on August 27, 2014, Teva increased prices on certain drugs on August 28, 2014 (Am. Compl. 847-48);

- After a 4-minute call between Mr. Rogerson and the Individual Defendant in September 2014, Teva internally noted that it would "*Follow Competitor* – Actavis" as the reason for the price increase (Am. Compl. 912-13) (emphasis added); and

- Calls and/or texts totaling 157 of unspecified length and substance from May 2013 to November 2015, that were "at or around every significant price increase" with no further detail apart from the above (Am. Compl. 588).

4

None of these allegations push Plaintiffs' claims against Mr. Rogerson over the line from conceivable to plausible. Instead, they describe a series of interactions that are just as consistent with lawful behavior as the alleged conspiracy. Several of these pleadings in fact illustrate that the other Individual Defendant was *reacting rather than reaching agreement* with Mr. Rogerson, and such allegations do not state a claim. *See Valspar*, 873 F.3d 185, 199-200; *Processed Egg*, 821 F. Supp. 2d at 721; *Pelletier*, 439 F. Supp. 3d at 464.

For purposes of this motion, Plaintiffs' allegations against Mr. Rogerson need to be sufficiently detailed as to his alleged knowledge or actions. *See In re Processed Egg*, 821 F. Supp. 2d at 719; *In re OSB Antitrust Litig.*, 2007 WL 2253419, at *5. To the extent Plaintiffs attempt to use allegations that do not involve Mr. Rogerson's alleged actions or knowledge to justify a claim against Mr. Rogerson, the Court should not permit it. As explained by *Twombly* and consistent with individual due process, the burden and distress associated with full scale antitrust litigation cannot be justified absent a specific showing of plausibility as to Mr. Rogerson's alleged knowledge and actions. *See Twombly*, 550 U.S. 544, 558-560 ("As we indicated over 20 years ago . . . a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

### B.     Plaintiffs' Sherman Act Claim Against Mr. Rogerson Is Time Barred

Plaintiffs' Sherman Act claim against Mr. Rogerson has a four-year statute of limitations. See 15 U.S.C. §15b. Plaintiffs first filed its claim against Mr. Rogerson on May 10, 2019 (Dkt. No. 1), and each of the alleged specific facts pertaining to Mr. Rogerson occurred more than four years prior to that date. (*See supra* at p. 10.). Plaintiffs do not allege any (1) specific acts by Mr. Rogerson within the statute of limitations regarding an alleged price increase, (2) acts of alleged fraudulent concealment by Mr. Rogerson, nor (3) acts by anyone within the statute of limitations

for which Mr. Rogerson is plausibly alleged to have caused. *See In re Processed Egg Prods. Antitrust Litig.*, No. MDL No. 2002, 2011 U.S. Dist. LEXIS 139995 at *8-9 (E.D. Pa. Nov. 30, 2011) (dismissing Sherman Act price-fixing claim brought by direct purchasers of egg products as time-barred). For these reasons, an independent basis to dismiss Plaintiffs' claim against Mr. Rogerson is the fact it is time barred.

### C. Plaintiffs' Pendant State Law Claims Should Be Dismissed

Plaintiffs' state law claims are derivative of the federal law claim, and thus the state law claims should be dismissed for the same reasons. *See, e.g., St. Clair v. Citizens Fin. Grp.*, 340 F. App'x 62, 65 n.2 (3d Cir. 2009) (dismissing state antitrust claim, after dismissing federal claim, because "the state law antitrust claims are only viable if the corresponding federal claims are sufficient"). Moreover, Plaintiffs claim against Mr. Rogerson does not specify any alternative legal theory that would evade the pleading requirements for the federal claim.

### IV. Conclusion

For these reasons, Mr. Rogerson respectfully requests that Plaintiffs' claim against him be dismissed.

November 2, 2020  Respectfully submitted,

*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR P.C.
277 Park Avenue, 20th Floor
New York, NY 10172
(212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
COZEN O'CONNOR P.C.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Attorneys for Defendant Richard Rogerson*

7

## **CERTIFICATE OF SERVICE**

I, David Reichenberg, certify that on November 2, 2020, I caused a true and correct copy of Defendant Richard Rogerson's Motion To Dismiss Plaintiffs' Amended Complaint to be served on all counsel via the court's electronic filing system.

Dated: November 2, 2020

                                                */s/ David Reichenberg*
                                                David Reichenberg