**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*The State of Connecticut, et al. v. Teva Pharmaceuticals USA, Inc., et al.* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>2:19-cv-02407-CMR |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**
**PLAINTIFFS' FEDERAL-LAW CLAIMS FOR LACK OF STANDING**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ........................................................................................................1

BACKGROUND ........................................................................................................3

ARGUMENT ........................................................................................................4

I.     Section 16 of the Clayton Act Does Not Authorize Disgorgement as a Remedy ........................................................................................................4

II.    Under *Illinois Brick*, the States Cannot Obtain Monetary Relief, Including Disgorgement........................................................................................6

III.   The States' *Parens Patriae* Claims Under Federal Law Fail ........................8

     A.    The States Lack Standing To Sue *Parens Patriae* For Allegedly Economy-Wide Harms Or On Behalf Of Their Citizens Under Federal Law ........................................................8

     B.    The States Have No Authority To Sue *Parens Patriae* For Allegedly Economy-Wide Harms Or On Behalf Of Their Citizens Under Federal Law .......................................................10

CONCLUSION........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES:

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel., Barez*,
   458 U.S. 592 (1982) ............................................................................................8, 11, 12

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*,
   228 F.3d 429 (3d Cir. 2000) ..............................................................................................11

*Broselow v. Fisher*,
   319 F.3d 605 (3d Cir. 2003) ..............................................................................................8

*California v. Infineon Tech. AG*,
   531 F. Supp. 2d 1124 (N.D. Cal. 2007) .................................................................9

*Com. of Pa. v. Milk Indus. Mgmt. Corp.*,
   812 F. Supp. 500 (E.D. Pa. 1992) .........................................................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .........................................................................................................1

*F.T.C. v. Abbvie Inc. et al.*,
   Case No. 18-2621, 2020 WL 5807873 (3d Cir. Sept. 30, 2020) ......................................1, 4, 5

*F.T.C. v. Mylan Labs., Inc.*,
   62 F. Supp. 2d 25 (D.D.C. 1999), *modified on other grounds*,
   99 F. Supp. 2d 1 (D.D.C. 1999) ...............................................................................7, 8

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*,
   392 U.S. 481 (1968) .........................................................................................................7

*Hawaii v. Standard Oil. Co. of Cal.*,
   405 U.S. 251 (1972) .........................................................................................................2, 10

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
   424 F.3d 363 (3d Cir. 2005) ..............................................................................................6

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ............................................................................................ *passim*

*In re Cathode Ray Tube ("CRT") Antitrust Litig.*,
   No. C-07-5944 JST, 2016 WL 3648478 (N.D. Cal. July 7, 2016), *remanded
   on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*,
   No. 16-16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019) ......................................................8

## TABLE OF AUTHORITIES—Continued

**Page(s)**

*In re Generic Pharm. Pricing Antitrust Litig.*,
  No. 17-cv-3768 (E.D. Pa. Feb. 21, 2019) ...............................................................1

*In re Generic Pharm. Pricing Antitrust Litig.*,
  368 F. Supp.3d 814 (E.D. Pa. 2019) .......................................................................6

*In re Generic Pharm. Pricing Antitrust Litig.*,
  386 F. Supp. 3d 477 (E.D. Pa. 2019) ......................................................................7

*In re Multidistrict Vehicle Air Pollution*,
  538 F.2d 231 (9th Cir. 1976) ..................................................................................5

*In re Pre-Filled Propane Tank Antitrust Litig.*,
  893 F.3d 1047 (8th Cir. 2018) .............................................................................2, 7

*Kansas v. UtiliCorp United, Inc.*,
  497 U.S. 199 (1990) ..............................................................................................2, 9

*Liu v. S.E.C.*,
  140 S. Ct. 1936 (2020) ....................................................................................1, 5, 6

*Maryland v. Louisiana*,
  451 U.S. 725 (1981) ...............................................................................................11

*Meghrig v. KFC W., Inc.*,
  516 U.S. 479 (1996) .............................................................................................1, 5

*Missouri ex rel. Koster v. Harris*,
  847 F.3d 646 (9th Cir. 2017) ................................................................................11

*N.Y. ex rel. Abrams v. 11 Cornwell Co.*,
  695 F.2d 34 (2d Cir. 1982), *vacated in part on other grounds*,
  718 F.2d 22 (2d Cir. 1983) (en banc) ...................................................................11

*Owner-Operator Indep. Drivers Ass'n v. Landstar Sys., Inc.*,
  622 F.3d 1307 (11th Cir. 2010) ..............................................................................5

*State of Cal. v. Frito-Lay, Inc.*,
  474 F.2d 774, 777 (9th Cir. 1973) .....................................................................9, 10

*Wallach v. Eaton Corp.*,
  837 F.3d 356 (3d Cir. 2016).....................................................................................6

*West Virginia ex rel. McGraw v. Comcast Corp.*,
  705 F. Supp. 2d 441 (E.D. Pa. 2010) ....................................................................11

# TABLE OF AUTHORITIES—Continued

**Page(s)**

**CONSTITUTIONAL PROVISIONS:**

U.S. Const. Art. III ..................................................................................................8

**STATUTES:**

15 U.S.C. § 15(a) ....................................................................................................5

15 U.S.C. § 15c ...................................................................................................5, 8, 9

15 U.S.C. § 26 ...................................................................................................1, 4, 6

Clayton Act
    15 U.S.C. § 15 ...........................................................................................1, 4, 5, 6

Federal Trade Commission Act
    15 U.S.C. § 53(b) ..............................................................................................5

Sherman Act ..........................................................................................................2, 3

**LEGISLATIVE MATERIAL:**

H.R. Rep. No. 94-499(I) (1975), reprinted in 1976 U.S.C.C.A.N. 2572 .........................9

**RULES:**

Fed. R. Civ. P. 23 ...................................................................................................9

**OTHER AUTHORITIES:**

Black's Law Dictionary (rev. 4th ed. 1968) .................................................................4

## INTRODUCTION

The States' Second Complaint, filed May 10, 2019 (Dkt. 1) and amended on November 1, 2019 (Dkt. 106) (the "Second Complaint" or "Sec. Am. Compl."), filed by 48 States, the District of Columbia, Puerto Rico, the Territory of Guam, and the Commonwealth of the Northern Mariana Islands (collectively, the "States")[1] seeks various types of monetary and non-monetary relief under several theories of alleged harm.[2]  Among other things, the States purport to seek monetary relief in the form of disgorgement and unspecified forms of relief in the States' capacity as *parens patriae*.  *See* Sec. Am. Compl. ¶ 21, Prayer for Relief ¶¶ D–F.  The States do not have standing to do so under federal law.  Because "a plaintiff must demonstrate standing separately for each form of relief sought," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000), the States' federal-law claims for disgorgement and relief as *parens patriae* should be dismissed.

*First*, Section 16 of the Clayton Act does not provide for a disgorgement remedy, and instead limits the available remedy to injunctive relief.  15 U.S.C. § 26.  Because disgorgement is a form of restitution, not injunctive relief, it is not authorized by Section 16.  *See F.T.C. v. Abbvie Inc. et al*., Case No. 18-2621, 2020 WL 5807873, at *375–76 (3d Cir. Sept. 30, 2020) (citing *Liu v. S.E.C.*, 140 S. Ct. 1936, 1940–41 (2020); *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996)).

---

[1]  Although the Territory of American Samoa was a part of the Second Complaint, it voluntarily dismissed with prejudice its claims against all defendants on July 14, 2020.  Dkt. 168.

[2]  This motion is similar—but not identical—to Defendants' motion seeking to dismiss certain claims and forms of relief in the Heritage-centered complaint. Defs.' Joint Mot. to Dismiss Pl.'s Fed. Law Claims for Lack of Standing, *In re Generic Pharm. Pricing Antitrust Litig.*, No. 17-cv-3768 (E.D. Pa. Feb. 21, 2019), Dkt. 74.  That motion remains pending. This motion to dismiss is filed without waiver of any other pending motions to dismiss.

*Second*, only plaintiffs who purchased a product directly from a defendant may pursue monetary relief under federal antitrust law. *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Because the States do not allege that they purchased generic drugs directly from any Defendant, they cannot recover monetary relief under federal law. Calling that monetary relief "disgorgement" rather than "damages" does not change this conclusion. Both types of monetary relief implicate the bright-line rule set out in *Illinois Brick*, and the States cannot sidestep that rule by re-labeling their damages demand as a form of "disgorgement." As one appellate court held, "indirect purchasers cannot pursue disgorgement" under the federal antitrust laws, because to hold otherwise would sanction "an impermissible attempt to circumvent Supreme Court precedent." *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018).

*Third*, the States have not alleged sufficient facts to seek relief under federal antitrust law as *parens patriae* on behalf of their citizens, much less for supposed harms to their "general econom[ies]." *Hawaii v. Standard Oil. Co. of Cal.*, 405 U.S. 251 (1972). As the Supreme Court has explained, "to hold that Congress authorized the State to recover damages for injury to its general economy . . . would open the door to duplicative recoveries." *Id.* at 263–64. The States' broad complaint appears to make such an attempt. *See* Sec. Am. Compl. ¶ 1144. Moreover, the States do not have standing to pursue monetary relief as *parens patriae* on behalf of their citizens, who are indirect-purchaser consumers; under *Illinois Brick*, these consumers do not themselves have standing to sue for relief under the Sherman Act. *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 218–19 (1990).

The States lack standing to pursue their federal antitrust claims for disgorgement or for relief on behalf of consumers or state economies. Those claims for relief should therefore be dismissed.

## BACKGROUND

The States assert 34 counts under Section 1 of the Sherman Act and a single count under various state antitrust and consumer-protection laws, all based on allegations related to more than 100 different generic drugs.  The States do not allege that they purchased any of these drugs directly from the Defendants.

The States present their requests for relief under federal and state law in both a standalone prayer for relief at the conclusion of the Second Complaint and throughout the complaint's factual allegations.  Although the source of law and the type of relief sought are not always clear, the States appear to pursue relief in various capacities:

- As enforcement authorities, Sec. Am. Compl. ¶ 26, Prayer for Relief ¶ D;

- As apparent indirect purchasers of generic drugs, Sec. Am. Compl. ¶ 26; and

- As *parens patriae* for consumers who have allegedly suffered harm and on behalf of the States' "general economies," Sec. Am. Compl. ¶¶ 21, 1144.

In these various capacities, the States appear to seek different forms of particular relief under federal and/or state law:

- Damages for purchases made by state entities, Sec. Am. Compl. ¶ 21, Prayer for Relief ¶ D;

- Damages on behalf of indirect-payor consumers in the various States, Sec. Am. Compl. ¶ 21;

- Civil penalties, Sec. Am. Compl. ¶ 21, Prayer for Relief ¶ F;

- Injunctive relief, Sec. Am. Compl. ¶ 21, Prayer for Relief ¶ C; and,

- Other forms of monetary relief, including disgorgement and costs, Sec. Am. Compl. ¶ 21, Prayer for Relief ¶¶ D, G.

This motion addresses only the States' standing to seek monetary relief, including disgorgement, under federal antitrust law, and the States' standing to seek any form of relief under federal antitrust law acting as *parens patriae* on behalf of consumers or the States' "general economies."  The States' claims and particular requests for relief under the various state laws are addressed separately in Defendants' Memorandum of Law in Support of their Joint Motion to Dismiss Plaintiffs' State-law Claims, filed contemporaneously.

## ARGUMENT

The States' federal antitrust claims for disgorgement and relief on behalf of consumers and state economies both fail.  *First*, Section 16 of the Clayton Act authorizes only injunctive relief, not disgorgement.  *Second*, *Illinois Brick* precludes the States' indirect-purchaser claims for any monetary relief under federal law, including disgorgement.  *Third*, the States are precluded from seeking federal relief on behalf of their "general economies," and they fail to plead facts showing that they have standing to sue on behalf of their citizens.

## I.   Section 16 of the Clayton Act Does Not Authorize Disgorgement as a Remedy.

The States seek disgorgement under Section 16 of the Clayton Act, even though Section 16 provides for "*injunctive relief* . . . against *threatened* loss or damage by a violation of the antitrust laws . . . ."  15 U.S.C. § 26 (emphasis added).  An injunction "prevents or mandates a future action."  *Abbvie*, 2020 WL 5807873, at *376 (citing Black's Law Dictionary (rev. 4th ed. 1968)).  Because an injunction is an inherently forward-looking remedy, Section 16 applies only to "threatened"—that is, future—"loss or damage."  Compensation for backward-looking harm, by contrast, falls under Section 4 of the Clayton Act, 15 U.S.C. § 15, a wholly separate provision, which allows "any person who shall be injured" to sue.  The States, however, invoke Section 16 as the sole basis for their disgorgement demand.

The Third Circuit recently distinguished between injunctive relief and disgorgement in a similar context, Section 13(b) of the Federal Trade Commission Act (15 U.S.C. § 53(b)).  That statute, like Section 16 of the Clayton Act, authorizes injunctive relief for antitrust violations. And like Section 16 of the Clayton Act, it "says nothing about disgorgement, which is a form of restitution, *see Liu v. S.E.C.*, __ U.S. __, 140 S. Ct. 1936, 1940–41 (2020), not injunctive relief." *Abbvie,* 2020 WL 5807873, at *375  (citing *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996) and *Owner-Operator Indep. Drivers Ass'n v. Landstar Sys., Inc.*, 622 F.3d 1307, 1324 (11th Cir. 2010) ("Injunctive relief constitutes a distinct type of equitable relief; *it is not an umbrella term that encompasses restitution or disgorgement*.") (emphasis added)).  Therefore, disgorgement is impermissible under Section 16.  *See Abbvie*, 2020 WL 5807873 at *376.

Indeed, disgorgement "makes little sense" in the context of Section 16 of the Clayton Act.  *Id*. at *376.   Whereas the statute applies to "threatened"—*i.e.*, future—harm, "[d]isgorgement deprives a wrongdoer of *past* gains."  *Id*. at *376 (citing *Liu*, 140 S. Ct. at 1940–41) (emphasis in original).  If the States seek disgorgement, they must instead attempt a claim under Section 4 of the Clayton Act, which is retrospective, providing that "any person who shall be injured in his business or property by reason of anything forbidden by the antitrust laws may sue . . . and recover threefold the damages by him sustained . . . ."  15 U.S.C. § 15(a).[3]  That is the only retrospective damages recovery permitted by the Clayton Act.  Disgorgement does not enjoin threatened conduct but rather is a monetary penalty punishing past conduct; it is thus unavailable under Section 16's plain terms.  The States' claim for monetary relief is therefore improper.  *In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976) ("Recovery for past losses [*e.g.*, disgorgement] is properly covered under [Section] 4 [of the

---

[3] The States do not assert claims under 15 U.S.C. § 15 (private cause of action for damages) or 15 U.S.C. § 15c (private cause of action for damages as *parens patriae*).

Clayton Act, 15 U.S.C. § 15]; it comes under the head of 'damages.' . . . [Section] 16 [of the Clayton Act, 15 U.S.C. § 26] does not allow the claimed relief for past loss." (citation omitted)). Because the States have no statutory basis to pursue a disgorgement remedy, the States' claims for disgorgement under Section 16 of the Clayton Act should be dismissed.[4]

## II.    Under *Illinois Brick*, the States Cannot Obtain Monetary Relief, Including Disgorgement.

Even if Section 16 of the Clayton Act permitted the States to seek disgorgement—and it plainly does not—*Illinois Brick* presents a separate and independent bar to the States' disgorgement claims.  It is well-established that a plaintiff who does not purchase directly from a defendant cannot recover monetary damages under the Clayton Act.  *See Illinois Brick*, 431 U.S. at 728–29; *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 365 (3d Cir. 2016) ("[O]nly entities that purchase goods directly from alleged antitrust violators have statutory standing to bring a lawsuit for damages.").  As this Court recognized with respect to state-law claims asserted by EPPs and IRPs, indirect purchasers "bring state law claims because they are precluded from asserting federal antitrust claims for damages under the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, which 'determined that direct purchasers are the only parties injured in a manner that permits them to recover damages.'"  *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 820 (E.D. Pa. 2019) (J. Rufe) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 366 n.2 (3d Cir. 2005)); *see also In re Generic Pharm. Pricing*

---

[4] Moreover, disgorgement is unavailable to those acting in a *parens patriae* capacity.  As the Supreme Court recently stated in *Liu*, an equitable remedy like disgorgement cannot be a "punitive sanction" and instead is limited to compensating alleged victims by "strip[ping] wrongdoers of their ill-gotten gains" and awarding those gains to identifiable victims.  140 S. Ct. at 1942.  The Court explained that the SEC's disgorgement authority "seemed to exceed the bounds of traditional equitable principles" because it would fail to return funds to victims and because it would impose joint and several liability on the defendants.  *Id.* at 1946.  That is exactly what the States seek to do here.  They have failed to identify a single victim, instead relying impermissibly on their sovereign authority.  *See* Defendants' Memorandum of Law in Support of Their Joint Motion to Dismiss Plaintiffs' State-Law Claims (Nov. 2, 2020) at 2.

*Antitrust Litig.*, 386 F. Supp. 3d 477, 487 (E.D. Pa. 2019) (J. Rufe) (dismissing plaintiff's claims because it "ha[d] not plausibly  alleged that it is a direct purchaser with statutory standing to recover antitrust damages" despite alleging that it had purchased "through" the defendant); *see generally Illinois Brick*, 431 U.S. at 730 (allowing indirect purchasers standing to sue for passed-on overcharges would create a "serious risk of multiple liability for defendants"); *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968) (declining to recognize a pass-on defense).

The same is true for the States.  The States do not allege that they are direct purchasers of the generic drugs at issue and apparently seek "damages" only under various state laws for overcharges that unidentified State entities allegedly paid as indirect purchasers of those drugs. *See* Sec. Am. Compl. Prayer for Relief ¶ E ("Award to the Plaintiff States damages, including treble damages, to the extent sought pursuant to applicable state laws as enumerated in Count Thirty-Four [sic] of this Consolidated Amended Complaint").  Thus, the States attempt to circumvent *Illinois Brick*'s bright-line rule by calling their request for retrospective recovery "disgorgement."  *See* Sec. Am. Compl. Prayer for Relief ¶ D ("Award to Plaintiff States disgorgement of the Defendants' ill-gotten gains . . . to redress Defendants' violations of federal law or state antitrust and consumer protection laws to restore competition").  They may not do so:  "Indirect purchasers cannot pursue disgorgement, an impermissible attempt to circumvent Supreme Court precedent" (*i.e.*, *Illinois Brick*'s prohibition on indirect-purchaser recovery of monetary relief).  *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d at 1059. Courts have repeatedly dismissed such efforts.  *See, e.g., id.*; *F.T.C. v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 41–42 (D.D.C. 1999) (dismissing indirect-purchaser disgorgement claims based on *Illinois Brick*), *modified on other grounds*, 99 F. Supp. 2d 1 (D.D.C. 1999); *In re Cathode Ray Tube*

("*CRT*") *Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at *13 (N.D. Cal. July 7, 2016), *remanded on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*, No. 16-16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019) (indirect-purchaser disgorgement "would create an exception to *Illinois Brick* that would swallow the rule, allowing indirect purchasers to routinely recover damages in future antitrust cases"). The same rationale applies to the States' claims here. Simply put, the States should not be allowed to "circumvent" *Illinois Brick* by seeking monetary relief couched as "disgorgement." *See Mylan Labs.*, 62 F. Supp. 2d at 41.

The States' federal antitrust claims for monetary relief, including disgorgement, should therefore be dismissed.

## III.     The States' *Parens Patriae* Claims Under Federal Law Fail.

### A.      The States Lack Standing To Sue *Parens Patriae* For Allegedly Economy-Wide Harms Or On Behalf Of Their Citizens Under Federal Law.

The States lack standing under Article III of the U.S. Constitution to assert claims for relief under federal law in a *parens patriae* capacity on behalf of their citizens. As the Third Circuit has made clear, "[t]he doctrine of *parens patriae* can only be used in certain well-defined cases." *Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003). A State may sue as *parens patriae* when "it can show that it has a 'quasi-sovereign interest.'" *Id.* "To do so, the State must articulate 'an interest apart from the interests of particular private parties' that affects a 'sufficiently substantial' segment of its residents." *Id.* (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel., Barez*, 458 U.S. 592, 607–08 (1982)). The States fail to satisfy this specific and exacting standard. *See* Sec. Am. Compl. ¶ 21 ("The Plaintiff States seek . . . damages on behalf of various state and governmental entities and consumers in various Plaintiff States.").

As an initial matter, and as noted above, the States do not appear to proceed under the specific federal *parens patriae* statute, 15 U.S.C. § 15c. In any event, they do not have standing

under that provision, or any other provision, to recover monetary relief on behalf of indirect-purchaser consumers, who themselves do not have standing to sue. *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 218–19  (1990); *see also Com. of Pa. v. Milk Indus. Mgmt. Corp.*, 812 F. Supp. 500, 507 (E.D. Pa. 1992) ("It has further been held that the plaintiff must have suffered a direct injury in order to have standing to sue. . . . That this rationale applies with equal force to *parens patriae* actions is similarly well-settled.").

Courts require explicit statutory authorization before allowing a State to pursue damages claims on behalf of injured citizens. *State of Cal. v. Frito-Lay, Inc.*, 474 F.2d 774,  777 (9th Cir. 1973) ("[I]f the state is to be empowered to act in the fashion here sought we feel that authority must come not through judicial improvisation but by legislation and rule making, where careful consideration can be given to the conditions and procedures that will suffice to meet the many problems posed by one's assertion of power to deal with another's property and to commit him to actions taken in his behalf.").   Due process concerns animate this rule.  *Id*. at 777 n.11 (common-law *parens patriae* standing for damages relief absent statutory authorization would "disregard all of Rule 23's safeguards" and leave defendants facing the potential for "two massive actions based on identical claims").

In response to "the judicial invitation extended in *Frito-Lay*," H.R. Rep. No. 94-499(I), at 8 (1975), reprinted in 1976 U.S.C.C.A.N. 2572, 2578, Congress gave the State Attorneys General authority under federal law to sue "as *parens patriae* on behalf of natural persons residing in [their respective States] . . . to secure monetary relief . . . by reason of any violation of sections 1 to 7 of this title," 15 U.S.C. § 15c.  But unless "there exists controlling legal authority specifically indicating that monetary damages—as opposed to other types of relief—may be sought through a *parens patriae* claim," *California v. Infineon Tech. AG*, 531 F. Supp. 2d 1124,

1164–65 (N.D. Cal. 2007), Plaintiffs' damages claims are beyond the scope of their common-law sovereign power, and are thus improper, *Frito-Lay*, 474 F.2d at 777.

Indeed, "[p]arens patriae has received no judicial recognition in this country as a basis for recovery of money damages for injuries suffered by individuals." *Id.* at 775 (ruling on the nature of *parens patriae* standing without invoking a distinction between state and federal law). "Judicial recognition of such authority would be a substantial departure from the scope of *parens patriae* authority as it has been recognized in this country to date." *Id.*

### B. The States Have No Authority To Sue *Parens Patriae* For Allegedly Economy-Wide Harms Or On Behalf Of Their Citizens Under Federal Law.

To the extent that the States seek relief for purported injuries to their "general economies," Sec. Am. Compl. ¶ 1144, they lack authority to do so. States cannot sue under the federal antitrust laws to recover "for the estimated damage to their respective economies." *Hawaii v. Stand. Oil Co. of Cal.*, 405 U.S. 251, 262 (1972). As the Court there noted, Congress "could have . . . required violators to compensate federal, state, and local governments for the estimated damage to their respective economies caused by the violations. But, this remedy was not selected." *Id.* Moreover, measuring injuries to a State's "general economy" is "a task extremely difficult[ ] in the real economic world rather than an economist's hypothetical model." *Id.* at 262 n.14 (quotation marks omitted). The Standard Oil Court also recognized that allowing States to pursue such a sweeping form of relief would raise significant double-recovery concerns. *See id.* at 264 ("Even the most lengthy and expensive trial could not in the final analysis, cope with the problems of double recovery inherent in allowing damages for harm both to the economic interests of individuals and for the quasi-sovereign interests of the State.").

First, the States have not alleged an injury apart from the interests of particular private parties. "In order to maintain [a *parens patriae*] action, . . . the State must be more than a

nominal party." *Snapp*, 458 U.S. at 607; *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 446 (E.D. Pa. 2010) ("A state cannot bring a *parens patriae* suit under the common law without being a real party in interest.") (citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 436–37 (3d Cir. 2000)). The Second Complaint, however, seeks relief on behalf of "particular private parties": individual consumers who purchased, or were reimbursed for purchases of, particular, identified products. *See id*. The States have not alleged a plausible quasi-sovereign interest and do not have standing to assert the private antitrust claims of generic drug consumers. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652–53 (9th Cir. 2017) (no *parens patriae* standing to sue when the only harm alleged was "harm to the egg farmers"). Allegations about injuries from overcharges that consumers allegedly paid, or injuries that state agencies allegedly suffered, are not enough to plausibly allege the quasi-sovereign interest required for *parens patriae* standing.

Likewise, *parens patriae* standing exists only when "individual consumers cannot be expected to litigate" the claims a state purports to assert on their behalf. *Maryland v. Louisiana*, 451 U.S. 725, 739 (1981); *Koster*, 847 F.3d at 652 (applying this requirement). Indeed, "courts have recognized that *parens patriae* standing is inappropriate where an aggrieved party could seek private relief." *Koster*, 847 F.3d at 652 (citing *N.Y. ex rel. Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 40 (2d Cir. 1982)). As the complaints brought in this multidistrict litigation show, a significant number of purchasers with standing to assert claims against these Defendants for conduct alleged in the Second Complaint can seek relief, and in fact, are already doing so.[5]

---

[5] *Compare with, e.g.*, *New York ex rel., Abrams*, 695 F.2d at 39–40 (allowing *parens patriae* action on behalf of intellectually disabled citizens because it was "highly unlikely that they would be accorded standing in federal court" to challenge exclusionary housing practices had they tried to bring their own action and concluding that *parens patriae* action implicated the state's quasi-sovereign interests in the "health and well-being . . . of its residents in general" (quotation marks omitted)), *vacated in part on other grounds*, 718 F.2d 22 (2d Cir. 1983) (en banc).

11

Indeed, Direct Purchaser Plaintiffs, End-Payer Plaintiffs, and Indirect-Reseller Plaintiffs have all asserted claims for the same conduct alleged by the States.  The States cannot seek duplicative recovery on behalf of these same purchasers.

Second, the States do not allege that a "sufficiently substantial segment" of their populations have suffered an injury.  Although there are no "definitive limits on the proportion of the population of the State that must be adversely affected," *Snapp*, 458 U.S. at 607, the Second Complaint fails to allege *any* facts about the number or proportion of individuals in each State who allegedly suffered harm.  Instead, the Second Complaint relies on conclusory allegations of generalized "nationwide" harms.  *See, e.g.*, Sec. Am. Compl. at ¶ 20.  This is insufficient to carry the States' pleading burden.

Because the States lack the requisite authority to sue as *parens patriae*, their claims for relief on behalf of their "general economies" and consumers should be dismissed.

## CONCLUSION

For the foregoing reasons, the States lack standing to sue under federal antitrust law for monetary relief, including disgorgement, and relief on behalf of their "general economies" and consumers.  Those claims should be dismissed for lack of standing as specified in the Motion to Dismiss and Proposed Order.

Dated: November 2, 2020

Respectfully submitted,

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
Seth Davis
David M. Max
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Counsel for Defendants Actavis Elizabeth,*
*LLC, Actavis Holdco U.S., Inc., and Actavis*
*Pharma, Inc.*

/s/ Steven A. Reed
R. Brendan Fee
Steven A. Reed
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001
brendan.fee@morganlewis.com
steve.reed@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219
Telephone: (412) 560-7455
Facsimile:  (415) 560-7001
wendy.feinstein@morganlewis.com

*Counsel for Defendant Glenmark*
*Pharmaceuticals, Inc., USA*

/s/ Benjamin F. Holt
Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendant Mylan Pharmaceuticals Inc.*

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 W. 55th Street New
York, NY 10019
Telephone: (212) 836-8000
Facsimile:  (212) 836-8689
margaret.rogers@arnoldporter.com
saul.morgenstern@arnoldporter.com

Laura S. Shores
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and Fougera Pharmaceuticals Inc.*

/s/ Leiv Blad
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, D.C. 20037
Telephone: (202) 753-3800
lblad@lowenstein.com
zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Counsel for Defendant Lupin Pharmaceuticals, Inc.*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Kirkpatrick
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W. Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile:  (202) 434-5029
jschmidtlein@wc.com
skirkpatrick@wc.com

*Counsel for Defendant Par Pharmaceutical Inc.*

/s/ Raymond A. Jacobsen, Jr.
Raymond A. Jacobsen, Jr.
Paul M. Thompson (Pa. Bar No. 82017)
Lisa (Peterson) Rumin
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lrumin@mwe.com

Nicole L. Castle
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
ncastle@mwe.com

*Counsel for Defendants Amneal
Pharmaceuticals, Inc., Amneal
Pharmaceuticals LLC*

/s/ Jay P. Lefkowitz, P.C.
Jay P. Lefkowitz, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jay.lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith
Laboratories, LLC*

/s/ Wayne A. Mack
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendant Aurobindo Pharma
USA, Inc.*

*/s/ J. Gordon Cooney, Jr.*

J. Gordon Cooney, Jr.
John J. Pease, III Alison
Tanchyk William T.
McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Defendant Teva*
*Pharmaceuticals USA, Inc.*

*/s/ James W. Matthews*

James W. Matthews
Katy E. Koski
John F. Nagle
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, Massachusetts 02199
Telephone: (617) 342-4000
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
**WILMER CUTLER PICKERING HALE**
**AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Telephone: (215) 569-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

/s/ Damon W. Suden
William A. Escobar
Damon W. Suden
Clifford Katz
**KELLEY DRY & WARREN LLP**
101 Park Ave
New York, New York 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendant Wockhardt
USA LLC and Morton Grove
Pharmaceuticals, Inc.*


/s/ Ilana H. Eisenstein
Ilana H. Eisenstein
Ben C. Fabens-Lassen
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheidman
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Edward.scheideman@dlapiper.com

*Counsel for Defendant Pfizer Inc. and
Greenstone, LLC*

/s/ Jason R. Parish
Jason R. Parish
Martin J. Amundson
**BUCHANAN INGERSOLL & ROONEY
PC**
1700 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 452-7900
Facsimile:  (202) 452-7989
jason.parish@bipc.com
martin.amundson@bipc.com

Bradley Kitlowski
**BUCHANAN INGERSOLL & ROONEY
PC**
Union Trust Building
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile:  (412) 562-1041
bradley.kitlowski@bipc.com

*Counsel for Defendant Zydus
Pharmaceuticals (USA) Inc.*

/s/ Roger B. Kaplan
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7957
Facsimile:  (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 Arch St.
Suite 400
Philadelphia, PA 19103
Telephone: (215) 988-7812
Facsimile:  (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant Dr. Reddy's
Laboratories, Inc.*

*/s/ Stacy Anne Mahoney*
Stacey Anne Mahoney
**MORGAN LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com

*Counsel for Defendant Breckenridge
Pharmaceutical, Inc.*

*/s/ Gerald E. Arth*
Gerald E. Arth
Ryan T. Becker
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile:  (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2382
Facsimile: (215) 994-2382
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant Lannett Company, Inc.*

*/s/ Erik T. Koons*
John M. Taladay
Erik T.Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street, NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
erik.koons@bakerbotts.com
john.taladay@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile:  (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile:  (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Taro
Pharmaceuticals U.S.A., Inc.*

/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
**GAGE SPENCER & FLEMING LLP**
410 Park Avenue
New York, New York 10022
Telephone: 212-768-4900
grgage@gagespencer.com

*Counsel for Ara Aprahamian*

s/ Henry E. Klingeman
Henry E. Klingeman
Ernesto Cerimele
James Crudele
**KLINGEMAN CERIMELE,
ATTORNEYS**
60 Park Place, Suite 1100
Newark, NJ 07102
henry@klingemanlaw.com
ernesto@klingemanlaw.com
james@klingemanlaw.com

*Counsel for Defendant David Berthold*

*s/ Larry H. Krantz*
Larry H. Krantz
Jerrold L. Steigman
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Floor
New York, NY 10017
Telephone: (212) 661-0009
Facsimile:  (212) 355-5009
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for Defendant James Brown*

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.
Anne E. Rollins
Thomas P. Reilly
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
tsuddath@reedsmith.com
arollins@reedsmith.com
treilly@reedsmith.com

Michael E. Lowenstein
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
mlowenstein@reedsmith.com

*Counsel for Defendant Maureen Cavanaugh*

*/s/ Amy B. Carver*
Amy B. Carver
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 972-6430
abcarver@welshrecker.com

*Counsel for Tracy Sullivan DiValerio*

*s/ James A. Backstrom*
James A. Backstrom
**JAMES A. BACKSTROM,
COUNSELLOR AT LAW**
1515 Market Street, Suite 1200
Philadelphia, PA 19102-
1923
Telephone: (215) 864-7797
jabber@backstromlaw.com

*Counsel for Defendant Marc Falkin*

s/ Robert E. Connolly
Robert E. Connolly
**LAW OFFICE OF ROBERT CONNOLLY**
301 N. Palm Canyon Dr.
Palm Springs, CA 92262
Telephone: (215) 219-4418
bob@reconnollylaw.com


*Counsel for Defendant James Grauso*

/s/ Robert E. Welsh, Jr.
Robert E. Welsh, Jr.
Alexandra Scanlon Kitei
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 972-6430
Facsimile: (215) 972-6436 (fax)
rewelsh@welshrecker.com
akitei@welshrecker.com


*Counsel for Defendant Kevin Green*

/s/ Jeffrey D. Smith
Jeffrey D. Smith
Alice Bergen
**DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP**
61 South Paramus Road
Paramus, New Jersey 07652
Telephone: (201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com


*Counsel for Defendant Robin Hatosy*

s/ Erica S. Weisgerber
Erica S. Weisgerber
Erica S. Weisgerber (N.Y. Bar No. 4647749)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836
eweisgerber@debevoise.com


Edward D. Hassi (D.C. Bar No. 1026776)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-383-8000
Facsimile: 202-383-8118
thassi@debevoise.com


*Counsel to Armando Kellum*

/s/ Michael G. Considine
Michael G. Considine
Laura E. Miller
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
considine@sewkis.com
millerl@sewkis.com


*Counsel for Jill Nailor*

/s/ L. Barrett Boss
L. Barrett Boss
Peter M. Ryan
S. Rebecca Brodey
Thomas J. Ingalls
**COZEN O'CONNOR P.C.**
1200 19th Street NW
Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile:  (866) 413-0172 (fax)
bboss@cozen.com
pryan@cozen.com
rbrodey@cozen.com
tingalls@cozen.com


*Counsel for Defendant James Nesta*

/s/ Bradley Love
Bradley Love
Larry Mackey
Neal Brackett
Alyssa C. Hughes
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
bradley.love@btlaw.com
larry.mackey@btlaw.com
neal.brackett@btlaw.com
alyssa.hughes@btlaw.com

*Counsel for Defendant Nisha Patel*

/s/ David Schertler
David Schertler
Lisa Manning
**SCHERTLER ONORATO MEAD & SEARS, LLP**
901 New York Avenue, N.W.
Suite 500 West
Washington, DC 20001
Telephone: (202) 628-4199
Facsimile:  (202) 628-4177 (fax)
dschertler@schertlerlaw.com
lmanning@schertlerlaw.com

*Counsel for Defendant Konstantin Ostaficiuk*

/s/ Thomas H. Lee, II
Thomas H. Lee, II
Jeffrey J. Masters
Carla G. Graff
**DECHERT LLP**
Cira Centre Suite 500 West
Philadelphia, PA 19104
Telephone: (202) 994-4000
Facsimile:  (202) 994-2222
thomas.lee@dechert.com
jeffrey.masters@dechert.com
carla.graff@dechert.com

*Counsel for Defendant David Rekenthaler*

/s/ David Reichenberg
David Reichenberg
**COZEN O'CONNOR P.C.**
277 Park Avenue, 20th Floor
New York, NY 10172
Telephone: (212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
**COZEN O'CONNOR P.C.**
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-6938
Facsimile:  (215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Defendant Richard Rogerson*