**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| THIS DOCUMENT RELATES TO: *The State of Connecticut, et al. v. Teva Pharmaceuticals USA, Inc.* | HON. CYNTHIA M. RUFE  19-cv-2407-CMR |

**REPLY IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF STATES' OCTOBER 31, 2019 AMENDED COMPLAINT FOR VIOLATING THE DOCTRINE AGAINST CLAIM SPLITTING**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.      Third Circuit Precedent Prohibits The States' Improper Claim Splitting............. 3

      A.      The States Acknowledge That "Plaintiffs Have No Right To Maintain Two Separate Actions Involving The Same Subject Matter In The Same Court Against The Same Defendant." ...................... 3

      B.      The Authority Relied Upon By The States Is Inapposite. ......................... 4

      C.      The Two Complaints Involve Far More Than Just The "Same Subject Matter." ....................................................................................... 7

            1.      Overlapping Parties...................................................................... 8

            2.      Overlapping Factual Allegations. .................................................. 8

            3.      Overlapping Time Period............................................................... 9

            4.      Overlapping Legal Claims. .......................................................... 10

            5.      Incorporation By Reference. ....................................................... 11

      D.      Defendants Had No Notice The States Would Improperly Split Claims. .................................................................................................. 12

II.     The Proper Remedy Is Dismissal, But At A Minimum, The Court Should Accept The States' Invitation To Strike The "Same General Overarching Conspiracy Framework" And Further Strike Duplicative Allegations And Requested Recovery. ......................................................................................... 12

      A.      The Court Should Dismiss The Second Complaint In Its Entirety. ......... 12

      B.      The Court Should, At A Minimum, Strike Duplicative Allegations And Requested Recovery....................................................................... 13

CONCLUSION.................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agha-Khan v. United States*,
683 F. App'x 628 (9th Cir. 2017) .................................................. 4

*Agha-Khan v. United States*,
No. 15-00042, 2015 WL 5734380 (E.D. Cal. Sept. 29, 2015) ..................... 4

*Dreibelbis v. Scholton*,
274 F. App'x 183 (3d Cir. 2008) .................................................. 7

*Dubuc v. City of Tulsa*,
No. 98-5140, 1999 WL 668823 (10th Cir. Aug. 27, 1999) ........................ 4

*Edward Wisner Donation v. BP Exploration & Prod. (In re Oil Spill)*,
2014 U.S. Dist. LEXIS 132561 (E.D. La. Sept. 22, 2014) ........................ 6

*Edward Wisner Donation v. BP Exploration & Prod. (In re Oil Spill)*,
2014 U.S. Dist. LEXIS 132567 (E.D. La. Sept. 5, 2014) ...................... 6, 7

*Horia v. Nationwide Credit & Collection, Inc.*,
944 F.3d 970 (7th Cir. 2019) .................................................. 2, 5

*Lawlor v. National Screen Services Corp.*,
349 U.S. 322 (1955) .............................................................. 4

*Live Face on Web, LLC v. Cremation Society of Illinois, Inc.*,
No. 18-1718, 2019 WL 398938 (E.D. Pa. Jan. 31, 2019) ........................ 5, 6

*McKenna v. City of Phila.*,
304 F. App'x 89 (3d Cir. 2008) ................................................. 13

*Prewitt v. Walgreens Co.*,
No. 12-6967, 2013 WL 6284166 (E.D. Pa. Dec. 2, 2013) ...................... 3, 13

*Silva v. Yosemite Cmty. Coll. Dist.*,
No. 19-00795, 2019 WL 6878237 (E.D. Cal. Dec. 17, 2019) ...................... 4

*Stark v. Starr*,
94 U.S. 477 (1876) ............................................................ 2, 6

*United States v. Mississippi*,
380 U.S. 128 (1965) .............................................................. 4

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page(s)**

*Walton v. Eaton Corp.*,
563 F.2d 66, 70 (3d Cir. 1977)................................................................................. passim


**Statutes**
Conn. Gen. Stat. § 35 .................................................................................................. 7


**Other Authorities**
Restatement (Second) of Judgments § 25 ...................................................................... 9

## INTRODUCTION

The Plaintiff States do not seriously dispute that they split allegations of an alleged industry-wide, overarching "fair share" conspiracy among generic pharmaceutical manufacturers across multiple complaints.  Nor could they, as entire paragraphs are lifted verbatim from the First Complaint into the Second Complaint, and the States incorporate by reference the First Complaint into the Second.  Both complaints rely on the same theory and allegations of an overarching conspiracy theory, and both seek expansive joint and several liability against each named Corporate Defendant for alleged overcharges on the named products, even where individual Corporate Defendants neither developed, manufactured, nor sold the product.  The States euphemistically suggest they have merely engaged in "evidence splitting"—but no such distinction exists in the case law.  To the contrary, by splitting their theory and allegations of an "overarching conspiracy" across multiple, successive complaints, the States have violated the doctrine against claim splitting.

In opposition, the States assert that their overarching conspiracy allegations and theory do not form a "standalone claim."  Opp'n at 5 (ECF No. 206).  Brushing aside the common nucleus of alleged conduct and overlapping factual allegations, the States instead focus on the additional products and conduct at issue in the Second Complaint.  *Id.* at 7-12.  The States also point out that they signaled their intention to file additional complaints regarding additional products before filing the Second Complaint.  *Id.* at 13.  But each of these arguments is beside the point.  Defendants do not dispute that the Second Complaint includes additional products and conduct not pled in the First Complaint.  Nor do Defendants dispute that the States could have properly sought leave to file different complaints involving different products (provided that the later claims were not premised on the same nucleus of operative facts alleged in a prior complaint).  Rather, Defendants object to Plaintiffs attempting to split claims that unequivocally involve the same

"subject matter" across multiple complaints, which is exactly what the States have done here and precisely what Third Circuit precedent forbids.

Under the doctrine against claim splitting, the following uncontested facts require dismissal of the States' Second Complaint:

- Under Third Circuit precedent, the States have "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

- The two complaints at issue in this Motion involve overlapping plaintiffs, defendants, and time periods; include claims under the same laws; and are based on the same common nucleus of operative facts, including many of the same factual allegations repeated verbatim. At a minimum, the States' concession that they split "evidence" between complaints, Opp'n at 1, demonstrates they have run afoul of *Walton*'s prohibition against bringing separate actions involving the same "subject matter."

- The Second Complaint expressly incorporates the entirety of the First Complaint by reference. While the States represent in their Opposition that they do not seek overcharges in the Second Complaint for products in the First Complaint, the incorporation of factual allegations alone violates the doctrine against claim splitting and demonstrates the overlapping subject matter of the claims in the two complaints.

- Consolidation of the States' complaints is not a viable solution. Connecticut law prohibits the use of investigative subpoenas to gather evidence for existing complaints. The States do not dispute that consolidation of the two complaints would result in an impermissible end-run around Connecticut law.

- The States do not dispute that the sole basis for joint and several liability in the States' Second Complaint, by which the States seek to hold all named Corporate Defendants liable for alleged overcharges for more than 100 products that most individual Corporate Defendants did not make or sell, is "the same general 'overarching conspiracy' framework as the First Action." Opp'n at 15.

This is not, as the States suggest, a situation where a plaintiff may have different causes of action against the same defendant (*i.e.*, "distinct matters"). Opp'n at 1 (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)). Nor is it a situation where separate claims allegedly arise from "discrete and independently wrongful acts" involving similar but discrete conduct that occurred during different time periods. Opp'n at 9 (quoting *Horia v. Nationwide Credit & Collection, Inc.*, 944

2

F.3d 970, 974 (7th Cir. 2019)).   A comparison of the allegations demonstrates otherwise.   *See* Defs.' Mot. at 7-9 (ECF No. 186-1).

The States' alternative proposed form of order all but concedes that the States have improperly split their claims.   *See* ECF No. 206-1 at 2 ("The Motion is granted only as to 'overarching conspiracy' allegations in the Plaintiff States' Second Complaint [ECF No. 106] that overlap with the States' First Complaint, No. 2:17-cv-03768 (E.D. Pa.) [ECF Nos. 14, 15]."); *see also* Opp'n at 15.   While the Court should grant that proposed relief at a minimum, the States' proposed relief ignores (1) the States' incorporation of the First Complaint by reference into the Second Complaint, (2) the additional overlapping factual allegations and duplicative relief sought between the two complaints, and (3) the Third Circuit's mandate that plaintiffs have "no right" to maintain separate actions against the same defendant involving the same "subject matter."

As set forth below and in Defendants' Motion to Dismiss, the States' clear attempt at claim splitting should be rejected, and the Court should dismiss the Second Complaint—either with prejudice or, at a minimum, with a strict prohibition against amending in a manner that includes overlapping factual allegations and duplicative requested relief.

## <u>ARGUMENT</u>

I.     **Third Circuit Precedent Prohibits The States' Improper Claim Splitting.**

A.     **The States Acknowledge That "Plaintiffs Have No Right To Maintain Two Separate Actions Involving The Same Subject Matter In The Same Court Against The Same Defendant."**

The States concede that the Third Circuit's decision in *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977), governs this dispute and acknowledge that "plaintiffs have 'no right to maintain two separate actions involving the same subject matter in the same court against the same defendant.'"   Opp'n at 4 (quoting *Walton*, 563 F.2d at 70); *see also Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (plaintiffs may not raise "duplicative

litigation" to prosecute a "case piecemeal").  That concession alone should resolve the Motion in Defendants' favor.  There can be no real dispute that the two actions involve the same "subject matter," as the States themselves acknowledge that the Second Complaint incorporates "the same general 'overarching conspiracy' framework as the First Action."  Opp'n at 15.

What the States do not acknowledge, let alone attempt to distinguish, is the case law demonstrating that subsequent claims involving acts in furtherance of an already pled "overarching conspiracy" cannot be split into multiple actions.  *See Agha-Khan v. United States*, No. 15-00042, 2015 WL 5734380, at \*3-4 (E.D. Cal. Sept. 29, 2015) (dismissing second complaint where it involved "the same alleged massive overarching conspiracy"), *aff'd*, 683 F. App'x 628 (9th Cir. 2017); *see also, e.g.*, *United States v. Mississippi*, 380 U.S. 128, 142-43 (1965); *Dubuc v. City of Tulsa*, No. 98-5140, 1999 WL 668823, at \*2 (10th Cir. Aug. 27, 1999); *Silva v. Yosemite Cmty. Coll. Dist.*, No. 19-00795, 2019 WL 6878237, at \*8 (E.D. Cal. Dec. 17, 2019).  This is exactly what the States have done here.  *See* Opp'n at 1 (conceding "the States are 'evidence splitting' because some facts relating to the existence of an 'overarching conspiracy' may overlap"); *id.* at 15 (conceding both complaints allege the "same general 'overarching conspiracy' framework").  And that is exactly what Third Circuit law forbids.

### B.    The Authority Relied Upon By The States Is Inapposite.

Lacking any authority that permits a plaintiff to allege the same or a substantially similar "overarching" conspiracy in two separate, simultaneous actions, the States resort to citing a series of inapposite cases.

The first group of cases that the States cite involves follow-on actions against recidivist defendants: *i.e.*, cases where a defendant committed a wrong, was sued and held liable for that wrong, and then committed a similar but new wrong after the first liability determination.  *See* Opp'n at 4.  For example, *Lawlor v. National Screen Services Corp.*, 349 U.S. 322, 327-28 (1955),

held that where a defendant committed an additional antitrust violation after a prior antitrust judgment, that separate violation created a separate cause of action. *Id.* The court so held after emphasizing that the later conduct was substantially different from the prior conduct—the defendant underwent "a substantial change in the scope of [its] alleged monopoly" and "new antitrust violations" were alleged. *Id.*

Similarly, *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 973-74 (7th Cir. 2019), was a claim preclusion case involving a debt collector that tortiously notified a credit agency of the plaintiff's debt without providing the required notice that the plaintiff disputed the debt. Later, the debt collector committed a similar tort again by sending a new and different letter informing the credit agency of a *separate* debt by the plaintiff owed to a different creditor, again failing to notify the agency that that debt too was in dispute. *See id.* Because those were two "[d]iscrete and independently wrongful acts" committed not as part of any scheme or overarching conspiracy, they represented two "different claims." *Id.* at 974.

*Live Face on Web, LLC v. Cremation Society of Illinois, Inc.*, No. 18-1718, 2019 WL 398938, at *6 (E.D. Pa. Jan. 31, 2019) ("*LFOW*"), is similarly inapposite. That case involved key "factual differences" between two claims raised in different courts: "the two cases involve different copyrights, different time periods, and different methods of infringement." *Id.* at *6. In declining to dismiss the second filed case, the *LFOW* court emphasized that complaints involving different time periods are less likely to violate the doctrine of claim splitting: "[T]o the extent that the events-at-issue in the second suit *arose after the filing of the last complaint in the first* case … and thus involve different factual allegations than those clearly at issue … in the first case—the second suit likely does not involve claim-splitting and should proceed forward in some way." *Id.* (quotation omitted) (emphasis added). The opposite is true here: the time periods in the two

complaints overlap almost entirely.   The States' assertion that the two complaints involve "*different* time periods", Opp'n at 12 (emphasis in original), is demonstrably false.  *See infra* at 9-10; *see also* First CAC ¶¶ 116, 144 (alleging coordinated price increases between 2012 and 2015); Sec. Am. Compl. at ¶ 147 (same); First CAC ¶ 271 (alleged agreement on April 15, 2014); Sec. Am. Compl. ¶¶ 460, 817-27 (alleged agreements on April 15, 2014 and the immediately preceding and following days in April 2014).[1]

In addition, the States cite plainly distinguishable permissive joinder cases, in which courts have held that two different claims against the same defendant—*e.g.*, a breach of contract claim and personal injury tort claim—need not be brought in the same complaint.  *See, e.g.*, *Stark*, 94 U.S. at 485-86 (holding that a contract claim and a patent claim depending on "different allegations" and "different evidence" could be raised in two suits).  In contrast, "[i]t is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, *all the grounds upon which he expects a judgment in his favor*.  He is not at liberty to split up his demand and prosecute it by piecemeal . . . . There would be no end to litigation if such a practice were permissible."  *Id.* (emphasis added).  In other words, the so-called "evidence splitting" to which the States admit, Opp'n at 1, is "undoubtedly" prohibited.  *See Stark*, 94 U.S. at 485.

The States' citation to *Edward Wisner Donation v. BP Exploration & Prod. (In re Oil Spill)*, 2014 U.S. Dist. LEXIS 132567 (E.D. La. Sept. 5, 2014) (Wilkinson, M.J), R&R adopted, 2014 U.S. Dist. LEXIS 132561 (E.D. La. Sept. 22, 2014), likewise supports dismissal here.  *Oil*

---

[1] *LFOW* also cautions against the sort of conduct the States seek to achieve here in "'circumventing rules pertaining to the amendment of complaints.'"  *Id.* (quoting *Walton*, 563 F.2d at 71).  Moreover, in contrast to *LFOW*, the conduct at issue in the Second Complaint predates the States seeking leave to file the First CAC in November 2017.  *See* Sec. Am. Compl. ¶¶ 159, 536, 1130, 1133.

*Spill* involved a breach-of-contract action raising "claims [] based exclusively on [BP's] alleged nonperformance of its contractual obligations under the Access Agreement, which governs the parties' *agreed* relationship as of August 23, 2010," and a federal statutory action alleging BP failed to fulfill its "responsibility for the [oil] spill and its direct effects" under the federal Oil Pollution Act and other laws.  *Id.* at *14 (emphasis in original); *see id.* at *6.  In that case, the "facts and legal sources regarding BP's performance of its contractual obligations" are "separate from those regarding BP's" oil-spill obligations under federal law.  *Id.* at *14.  Therefore, the court found that "the two actions are *not* based on the same facts, do *not* involve the same subject matter and do *not* assert the same cause of action."  *Id.* (emphasis in original).  In stark contrast here, the States' two complaints *are* based on the same facts, *do* involve the same subject matter and *do* assert the same causes of action.[2]

## C.    The Two Complaints Involve Far More Than Just The "Same Subject Matter."

In asserting that the First and Second Complaint supposedly involve wholly distinct matters, the States' Opposition downplays the overlapping claim of an industry-wide overarching conspiracy, even though that is the sole basis for the States' assertion that all of the "corporate Defendants are jointly and severally liable for any harm caused as a result of the [overarching] conspiracy."  Sec. Am. Compl. ¶ 549.  *Compare* First CAC ¶ 2 ("Plaintiff States also allege that

---

[2]  The Magistrate Judge also noted *in dicta* that consolidation reduced risk of harmful duplication.  *Id.* at *14.  Here, by contrast, consolidation would effectively allow the Plaintiff States to have bypassed Connecticut's statutory prohibition that investigatory subpoenas may not be used to gather discovery for pending litigation.  *See* Conn. Gen. Stat. § 35-42(a); *see also* Defs.' Mot. at 6, 19-20.  The States did not respond to Defendants' argument that consolidation would violate Connecticut law, nor did they distinguish any of the cases supporting Defendants' argument against consolidation, and the States have therefore waived any argument to the contrary.  *See, e.g.*, *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where the plaintiff "had ample opportunity to make [that] argument in response to defendants' motion to dismiss and failed to do so").

Defendants participated in an overarching conspiracy, the effect of which was to minimize if not thwart competition across the generic drug industry."), *with* Sec. Am. Compl. ¶ 6 (same).

While the States euphemistically admit to engaging in purported "evidence-splitting," between the two complaints, Opp'n at 1, their assertion that the two complaints involve "distinct matters," *id.*, ignores that the complaints involve overlapping (i) parties, (ii) factual allegations, (iii) time periods, and (iv) legal claims—not to mention that the Second Complaint expressly incorporates the entire First Complaint by reference.

### 1. Overlapping Parties.

The States do not dispute that the First and Second Complaints allege that many of the same Corporate Defendants engaged in the "overarching conspiracy"—nor could they.  While the States emphasize that Heritage is a defendant in the First Complaint and not the Second, and the States include a redline showing that some defendants were added and others were removed from the Second Complaint, the States ultimately concede (as they must) that more than ten Corporate Defendants overlap between the two complaints.  *See* Opp'n at 7-8.  The suggestion that the First Complaint is solely focused on Heritage and the Second Complaint is solely focused on Teva is belied by the indisputable fact that the overlapping Corporate Defendants are alleged to be jointly and severally liable for all activities described in *both* complaints.  *See* Defs.' Mot. at 9 & n.4.  That there are new defendants in the Second Complaint, Opp'n at 7-8, does not permit the States to split claims, and the States cite no authority to the contrary.

### 2. Overlapping Factual Allegations.

The States largely ignore the overlapping factual allegations between the two complaints. *Compare* Defs.' Mot. at 7-9, 15, *with* Opp'n at 8-12.  For example, the complaints describe the supposed overarching conspiracy the same way, First CAC ¶ 11; Sec. Am. Compl. ¶ 15, and both allege the conspiracy was supported by a "fair share" agreement to divide market share and set

prices in the same ways, *see* First CAC ¶ 14; Sec. Am. Compl. ¶ 18.  The two complaints also point to some of the same alleged communications between overlapping Corporate Defendants to support their respective allegations.  *Compare* First CAC ¶ 102, *with* Sec. Am. Compl. ¶¶ 127-28 (alleged communications from 2013 regarding alleged market allocation); *compare* First CAC ¶ 104, *with* Sec. Am. Compl. ¶ 138 (alleged communications regarding "playing nice in the sandbox").  And both complaints allege the scheme was conceived in the same meetings and events, including the same "industry dinners" and "girls nights out."  *Compare* First CAC ¶¶ 9, 83, 85-86, *with* Sec. Am. Compl. ¶¶ 13, 108, 111-12.  That the Second Complaint includes additional allegations that are not present in the First Complaint does not undermine the application of the claim splitting doctrine.  *See* Restatement (Second) of Judgments § 25, cmt. a.[3]

### 3.    Overlapping Time Period.

The States' argument that the two complaints involve "different time periods," Opp'n at 1, 12, is both puzzling and misleading.  Not only did the States duplicate allegations of the same communications and meetings from 2013, 2014, and early 2015, which necessarily overlap in time period,[4] but the alleged price increases and market allocation alleged in each complaint also allegedly occurred during the same timeframe.  *See* First CAC ¶¶ 116, 144 (alleging coordinated price increases between 2012 and 2015); Sec. Am. Compl. ¶ 147 (same).  For example, the First Complaint (¶ 104) and Second Complaint (¶ 138) discuss, nearly verbatim, the same defendant

---

[3] Moreover, the States suggest that the allegations regarding Defendant Nisha Patel are entirely new to the Second Complaint, Opp'n at 11, but that is not true.  *See, e.g.*, First CAC ¶¶ 271, 297, 331, 341, 353, 367, 382, 397, 412 (allegations regarding the conduct of "N.P."); Sec. Am. Compl. ¶¶ 935-37.

[4] *Compare* First CAC ¶ 88, *with* Sec. Am. Compl. ¶ 114 (alleging the exact same girls' nights out in February, May, and August 2015); *compare* First CAC Table 2 ("Teva phone/text communications with other Defendants (by month) July 1, 2013 – July 30, 2014"), *with* Sec. Am. Compl. Tables 1-2 ("Teva phone/text communications with other Defendants (by month) July 1, 2013 – December 31, 2013" and "January 1, 2014 – December 31, 2014").

being approached by a large retail customer in December 2014 with a request to divvy up market share, which the defendant allegedly agreed to do.  Even agreements with respect to distinct products are alleged to have been made in the same months and even days.  *E.g.*, First CAC ¶ 271 (alleged agreement on April 15, 2014); Sec. Am. Compl. ¶¶ 460, 817-27 (alleged agreements on April 15, 2014 and the immediately preceding and following days in April 2014).  The inclusion of additional allegations of price increases during the same time period, Opp'n at 12, does not alter the inescapable fact that the time periods at issue in the two complaints almost entirely overlap. The States' contention that the complaints involve "different time periods" is as perplexing as it is false.

### 4.   Overlapping Legal Claims.

The causes of action in the two complaints substantially overlap.  In both complaints, the States bring claims under the Sherman Act as well as various state antitrust and unfair competition laws for alleged overcharges for generic pharmaceutical products.  *Compare* First CAC ¶¶ 470-889, *with* Sec. Am. Compl. ¶¶ 1147-1726.

While the States suggest that they included the overarching conspiracy in both complaints only to provide "context" or a "framework" for subsequent violations, Opp'n at 2-3, 5-6, the complaints themselves make clear that the overarching conspiracy claim is *essential* to the States' claim that the named Corporate Defendants should be jointly and severally liable for the alleged violations.  *See, e.g.*, Sec. Am. Compl. ¶ 1153 ("As participants in the overarching conspiracy, the corporate Defendants are jointly and severally liable for any harm caused as a result of the conspiracy."); First CAC ¶ 476 (same).  The same is true with the Second Complaint's inclusion of duplicative statutory penalties based on alleged participation in the same or substantially similar

overarching conspiracy in both complaints. *See* Defs.' Mot. at 21-22.[5]  That neither complaint includes a standalone claim based on the alleged overarching conspiracy hardly excuses the States' error.  To the contrary, the alleged overarching conspiracy permeates both complaints, and is the theory that the States claim entitles them to hold each Corporate Defendant responsible for all of the acts of the others, even as to products a Defendant never made.

### 5.   Incorporation By Reference.

While the facts set out above independently demonstrate that the States have attempted claim splitting, the Second Complaint goes even further by purporting to incorporate the earlier complaint in its entirety.  *See* Sec. Am. Compl. ¶ 937.  The States admit that they "incorporate[d] the allegations from" the First Complaint into the Second Complaint, but then attempt to backtrack—claiming they only incorporated the First Complaint "to provide context regarding Teva's motivation" for certain communications, not to re-allege the "same claims."  Opp'n at 6-7. Even accepting the States' purported rationale, the fact remains that the Second Complaint's incorporation speaks for itself.

The States' Opposition also misses the larger point illustrated by the incorporation.  It would only make sense for the States to incorporate the entire First Complaint into the Second Complaint if the Second Complaint involved the same "subject matter" as the First.  Striking the incorporation by reference alone would not alter the conclusion that the two complaints involve the same "subject matter." *Walton*, 563 F.2d at 70.

---

[5] The States also ignore the serious constitutional due process and double jeopardy issues that will arise if they are permitted to seek functionally criminal penalties twice for the "overarching conspiracy." *See id.* at 22 n.14.

**D.      Defendants Had No Notice The States Would Improperly Split Claims.**

The States also argue that any claim splitting should be excused because "Defendants and the Court were aware that the States would bring additional actions."  Opp'n at 13.  This is both misleading and irrelevant.  While it is true that the States represented that they intended to bring "additional actions" prior to filing the Second Complaint, neither the Court nor Defendants had any notice that the States would improperly split claims in any subsequent complaints.  As noted above, Defendants do not dispute that the States could have properly sought leave to file a subsequent complaint involving different products—provided that the later-filed claims were not premised on the same nucleus of operative facts alleged in an earlier complaint.  But as shown above, that is not what the States did.  In any event, the States cannot circumvent the doctrine against claim splitting by providing advance notice that they plan to plead claims improperly, and Defendants have therefore moved to dismiss the Second Complaint pursuant to the applicable scheduling order.  *See* ECF No. 181.

**II.      The Proper Remedy Is Dismissal, But At A Minimum, The Court Should Accept The States' Invitation To Strike The "Same General Overarching Conspiracy Framework" And Further Strike Duplicative Allegations And Requested Recovery.**

**A.      The Court Should Dismiss The Second Complaint In Its Entirety.**

As explained in Defendants' Motion, the States not only split claims, but they did so in a clear effort to make an end-run around (i) this Court's procedures and deadline for filing a motion to amend the First Complaint and (ii) Connecticut's statutory prohibition on using investigatory subpoenas to gather discovery for pending litigation.  *See* Defs.' Mot. at 17-20.  The States do not dispute that they could have sought leave to amend before the Court's deadline and they failed to do so.  Nor do they dispute that: (i) Connecticut law prohibits bypassing civil discovery to gather evidence through the investigative process to support pending claims, (ii) they continued to use the investigative process after filing the First Complaint in order to develop evidence for the

Second Complaint, or (iii) as a result, the States could not have amended the First Complaint to add allegations based on evidence gathered through that investigative process without violating Connecticut law.  *See id.*  The States have thus created a claim-splitting problem for which there is no cure other than dismissal.  *See Walton*, 563 F.2d at 71 (requiring courts to ensure duplicative complaints are not used to circumvent procedural rules); *see also, e.g.*, *McKenna v. City of Phila.*, 304 F. App'x 89, 93 (3d Cir. 2008) ("District Court [is] bound by *Walton* to 'insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'"); *Prewitt*, 2013 WL 6284166, at *6 (the new complaint should be dismissed when it is "simply an end-run around" proper procedure).

> **B.**  **The Court Should, At A Minimum, Strike Duplicative Allegations And Requested Recovery.**

At the very least, the Court should accept the States' invitation to strike all overlapping facts and all overarching conspiracy references and require re-pleading with no overlapping factual allegations or reliance on allegations of an "overarching conspiracy."  *See* Opp'n at 15-16.

The States' proposed alternative relief, however, stops short of what is required to eliminate overlap between the two actions.  First, the States' alternative proposed form of order fails to require removal of the States' incorporation by reference of the First Complaint in the Second Complaint.  Second, removal of the overarching conspiracy allegations from the Second Complaint necessarily requires removal of the States' claims for joint and several liability from the alleged product-specific agreements in the Second Complaint.  *See, e.g.*, Sec. Am. Compl. ¶ 1153 ("As participants in the overarching conspiracy, the corporate Defendants are jointly and

severally liable for any harm caused as a result of the conspiracy").[6]  Third, the Second Complaint includes myriad additional factual allegations that are already pled in the First Complaint, which should be removed.  Finally, the States ignore the duplicative recovery they seek, including under state statutory penalties, *see* Defs.' Mot. at 21-22 & n.14, which should also be removed from any amended Second Complaint—if the Court is not inclined to dismiss the Second Complaint in its entirety.

## CONCLUSION

For these reasons and the reasons stated in Defendants' Motion, the Court should dismiss the States' Second Complaint in its entirety or, alternatively, dismiss the Second Complaint without prejudice with leave to refile subject to the removal of (i) overlapping factual allegations, claims, and legal theories and incorporation of any other complaints by reference; (ii) claims for joint and several liability based on an alleged overarching conspiracy; and (iii) any duplicative statutory penalties or other duplicative relief sought.

---

[6] The States accuse Defendants of "fundamentally misunderstand[ing] the States' legal actions," Opp'n at 2, but it is the States that are choosing to ignore the basis for their claims of broad joint and several liability across multiple alleged agreements.  Joint and several liability also provides all the prejudice the States say is lacking, Opp'n at 14-16, from their impermissible claim splitting. *See, e.g.*, Defs.' Mot. at 3 n.2.

Date: February 26, 2021

*/s/ Sheron Korpus*

Sheron Korpus
Seth A. Moskowitz
Seth Davis
David M. Max
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Counsel for Defendants*
*Actavis Holdco U.S., Inc. and*
*Actavis Pharma, Inc.*

*/s/ Raymond A. Jacobsen, Jr.*

Raymond A. Jacobsen, Jr.
Paul M. Thompson
Lisa (Peterson) Rumin
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lrumin@mwe.com

Nicole L. Castle
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
ncastle@mwe.com

*Counsel for Defendants Amneal*
*Pharmaceuticals, Inc. and Amneal*
*Pharmaceuticals LLC*

Respectfully submitted,

*/s/ G. Robert Gage, Jr.*

G. Robert Gage, Jr.
**GAGE SPENCER & FLEMING LLP**
410 Park Avenue
New York, New York 10022
Tel: 212-768-4900
grgage@gagespencer.com

*Counsel for Defendant Ara Aprahamian*

*/s/ Wayne A. Mack*

Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendant Aurobindo Pharma*
*USA, Inc.*

*/s/ Stacey Anne Mahoney*

Stacey Anne Mahoney
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com

*Counsel for Defendant Breckenridge*
*Pharmaceutical, Inc.*

/s/ Larry H. Krantz
Larry H. Krantz
Jerrold L. Steigman
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 661-0009
(212) 355-5009 (fax)
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for Defendant James Brown*

/s/ Thomas H. Suddath, Jr.
Thomas H. Suddath, Jr.
Anne E. Rollins
Thomas P. Reilly
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
tsuddath@reedsmith.com
arollins@reedsmith.com
treilly@reedsmith.com

Michael E. Lowenstein
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
mlowenstein@reedsmith.com

*Counsel for Defendant Maureen Cavanaugh*

/s/ Roger B. Kaplan
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07931
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant*
*Dr. Reddy's Laboratories, Inc.*

/s/ James A. Backstrom
James A. Backstrom
**JAMES A. BACKSTROM,**
**COUNSELLOR AT LAW**
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*Counsel for Defendant Marc Falkin*

*/s/ Steven A. Reed*
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Telephone: +1.412.560.7455
Facsimile: +1.412.560.7001
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Glenmark Pharmaceuticals Inc., USA*

*/s/ Robert E. Connolly*
Robert E. Connolly
**LAW OFFICE**
**OF ROBERT CONNOLLY**
301 N. Palm Canyon Dr.
Palm Springs, CA 92262
bob@reconnollylaw.com
(215) 219-4418

*Counsel for Defendant James Grauso*

*/s/ Robert E. Welsh, Jr.*
Robert E. Welsh, Jr.
Alexandra Scanlon Kitei
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
(215) 972-6436 (fax)
rewelsh@welshrecker.com
akitei@welshrecker.com

*Counsel for Defendant Kevin Green*

*/s/ Jeffrey D. Smith*
Jeffrey D. Smith
Alice Bergen
**DECOTIIS, FITZPATRICK, COLE &**
**GIBLIN, LLP**
61 South Paramus Road
Paramus, New Jersey 07652
(201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com

*Counsel for Defendant Robin Hatosy*

*/s/ Erica S. Weisgerber*
Erica S. Weisgerber
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836
eweisgerber@debevoise.com

Edward D. Hassi
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-383-8000
Facsimile: 202-383-8118
thassi@debevoise.com

*Counsel for Defendant Armando Kellum*

/s/ George G. Gordon
George G. Gordon
Stephen D. Brown
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Tel. 215-994-2000
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

Gerald E. Arth
Ryan T. Becker
Nathan M. Buchter
**FOX ROTHSCHILD LLP**
2000 Market Street
Philadelphia, PA 19103
Tel: (215) 299-2720
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

*Counsel for Defendant*
*Lannett Company, Inc.*

/s/ Leiv Blad
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, DC 20037
Tel.: (202) 753-3800
Fax: (202) 753-3838
lblad@lowenstein.com
zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Counsel for Defendant*
*Lupin Pharmaceuticals, Inc.*
*and David Berthold*

/s/ Benjamin F. Holt
Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendant Mylan*
*Pharmaceuticals, Inc.*

/s/ Michael G. Considine
Michael G. Considine
Laura E. Miller
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
considine@sewkis.com
millerl@sewkis.com

*Counsel for Defendant Jill Nailor*

/s/ L. Barrett Boss
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
**COZEN O'CONNOR P.C.**
1200 19th Street NW, Suite 300
Washington, DC 20036
(202) 912-4814
(866) 413-0172 (fax)
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
**COZEN O'CONNOR P.C.**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

/s/ David Schertler
David Schertler
Lisa Manning
**SCHERTLER ONORATO
MEAD & SEARS, LLP**
901 New York Avenue, N.W.
Suite 500 West
Washington, DC 20001
(202) 628-4199
(202) 628-4177 (fax)
dschertler@schertlerlaw.com
lmanning@schertlerlaw.com

*Counsel for Defendant Konstantin
Ostaficiuk*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Kirkpatrick
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
skirkpatrick@wc.com

*Counsel for Defendant Par Pharmaceutical
Companies, Inc.*

/s/ Bradley Love
Bradley Love
Larry Mackey
Neal Brackett
Alyssa C. Hughes
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
bradley.love@btlaw.com
larry.mackey@btlaw.com
neal.brackett@btlaw.com
alyssa.hughes@btlaw.com

*Counsel for Defendant Nisha Patel*

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
Ben C. Fabens-Lassen
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheideman
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Tel: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Defendants Pfizer Inc.*
*and Greenstone LLC*


*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante
Jeffrey J. Masters
Carla G. Graff
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
Sozi.tulante@dechert.com
jeffrey.masters@dechert.com
carla.graff@dechert.com

*Counsel for Defendant David Rekenthaler*

*/s/ David Reichenberg*
David Reichenberg
**COZEN O'CONNOR P.C.**
277 Park Avenue, 20th Floor
New York, NY 10172
(212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
**COZEN O'CONNOR P.C.**
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Defendant Richard Rogerson*


*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
Margaret A. Rogers
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com

Laura S. Shores
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Defendant Sandoz Inc.*

/s/ Amy B. Carver
Amy B. Carver
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
abcarver@welshrecker.com

*Counsel for Defendant*
*Tracy Sullivan DiValerio*

/s/ Erik T. Koons
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street NW
Washington, DC 20001
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendant Taro*
*Pharmaceuticals U.S.A., Inc.*

_/s/ J. Gordon Cooney, Jr._
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

_Counsel for Defendant Teva_
_Pharmaceuticals USA, Inc._

_/s/ Damon W. Suden_
William A. Escobar
Damon W. Suden
Clifford Katz
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, NY 10178
Tel.: 212-808-7800
Fax: 212-808-7987
dsuden@kelleydrye.com

_Counsel for Defendant Wockhardt USA LLC_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2021, I caused a copy of the foregoing Reply In Support of Certain Defendants' Motion To Dismiss The Plaintiff States' October 31, 2019 Amended Complaint For Violating The Doctrine Against Claim Splitting to be served on counsel of record via the Court's CM/ECF system.

*/s/ William T. McEnroe*
William T. McEnroe

*Counsel for Defendant Teva*
*Pharmaceuticals USA, Inc.*
