# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al., v. Teva Pharmaceuticals USA, Inc., et al.* | **ORAL ARGUMENT REQUESTED**<br><br>No. 19-CV-2407-CMR |

### DEFENDANT RICHARD ROGERSON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................. 1

II. Argument .................................................................................................................... 2

    A. Plaintiffs' Claims Against Mr. Rogerson Do Not Satisfy *Twombly* ............................. 2

    B. Plaintiffs Fail to Save Their Untimely Claims ............................................................. 4

III. Conclusion .................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In Re Baby Food Antitrust Litigation*,
 166 F.3d 112 (3d Cir. 1999)...................................................................................................3

*In re Communicty Bank of Northern Virginia Mortgage Lending Practices
 Litigation*,
 795 F.3d 380 (3d Cir. 2015)....................................................................................................4

*In re Generic Pharmaceuticals Pricing Antitrust Litigation*,
 386 F. Supp. 3d 477 (E.D. Pa. 2019) ......................................................................................2

*In re OSB Antitrust Litigation*,
 2007 WL 2253419, at *5 (E.D. Pa. 2007)) .............................................................................3

*Valspar Corporation. v. E.I. Du Pont De Nemours and Company.*,
 873 F.3d 185 (3d Cir. 2017)....................................................................................................3

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
 401 U.S. 321 (1971)................................................................................................................5

I.     **Introduction**

Mr. Rogerson's alleged communications with a single Individual Defendant do not satisfy Plaintiffs' pleading burden under *Twombly*. Accepting the allegations as true (as required), the communications are just as consistent with legal competitive following, or conscious parallelism, as with the Plaintiffs' conspiracy theory. Plaintiffs confirm this point: they argue that Mr. Rogerson and the Individual Defendant intended to "lead *and follow* each others' price increases." Plaintiff States' Consolidated Memorandum in Opposition to Various of Individual Defendants' Motions To Dismiss the Plaintiff States' Amended Complaint, Dkt. 208, pg. 30 of 65 ("Opp.") (citing Amended Complaint, Dkt. 106, ¶ 581 (emphasis added)). Binding case law confirms that these allegations are insufficient to state a claim.

In order to evade this pleading requirement, Plaintiffs make two main arguments. First, they contend that the conscious parallelism case law does not apply when there are alleged direct communications between competitors. This is not the law — the Third Circuit has already established that when direct communications between competitors are just as consistent with conscious parallelism as with alleged conspiracy, they are insufficient to establish a claim. Second, Plaintiffs point to the fact that another Individual Defendant, Marc Falkin, worked with Mr. Rogerson at Actavis during the time period at issue. Critically, Plaintiffs do not point to a single allegation that Mr. Rogerson had any communication with Mr. Falkin or took any action internally (with anyone at Actavis, including Mr. Falkin) that supports Plaintiffs' claims. These pleading failures are fatal.

Mr. Rogerson's Motion also explained that Plaintiffs' claims are time-barred because Plaintiffs do not plead any allegations that Mr. Rogerson took or caused any illegal action after May 2015. Attempting to rebut this argument, Plaintiffs claim that, because the alleged conspiracy was fraudulently concealed, their claims are timely. Even assuming *arguendo* that Plaintiffs state

1

Case 2:19-cv-02407-CMR   Document 222   Filed 02/26/21   Page 5 of 10

a claim that Mr. Rogerson entered into a conspiracy with the Individual Defendant (which, as noted above, they do not), Plaintiffs do not assert a single allegation that Mr. Rogerson or the Individual Defendant fraudulently concealed any agreement between them.  In fact, Plaintiffs' allegation as to the Individual Defendant's fraudulent concealment specifically *excludes* Mr. Rogerson and Actavis.  Am. Compl. ¶ 1128.  For these reasons, the Court should also find that the claims against Mr. Rogerson are time-barred.

II.     Argument

   A.     **Plaintiffs' Claims Against Mr. Rogerson Do Not Satisfy *Twombly***

The parties agree that, to state an antitrust claim against Mr. Rogerson, Plaintiffs must "'delineate[] to some sufficiently specific degree that [he] purposefully joined and participated in the conspiracy.'" *Compare In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 386 F. Supp. 3d 477, 482 (E.D. Pa. 2019) *with* Opp. at 23-24.  However, Plaintiffs' contention that "enough factual matter [was pled] to suggest that an agreement was made," (Opp. at 23-24), pursuant to this standard is incorrect.

Mr. Rogerson's Motion to Dismiss detailed the alleged instances in the Amended Complaint in which a series of calls between Mr. Rogerson and the Individual Defendant preceded an alleged price increase.  Defendant Richard Rogerson's Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. 183 ("Motion"), at pgs. 4-5.  The substance of each call is not specified in the Amended Complaint and, critically, the allegations are, at best, just as consistent with the Individuals collecting information from one another and making independent business decisions thereafter, as with the Plaintiffs' conspiracy theory. *Id*.  Indeed, several of the allegations explictly confirm the fact that the Individual Defendant was going to "follow" the other competitor (*e.g.*, Am. Compl. ¶¶ 912-13 (Teva internally noting that it would "Follow Competitor – Actavis" as the

reason for the price increase)), which is the conscious parallelism that the Third Circuit in *Valspar* endorsed as legal.

Plaintiffs do not dispute these points, but rather argue that the Third Circuit's decision in *Valspar* does not apply where there are alleged communications between competitors. Opp. at 29-30. But *Valspar* states the opposite. In analyzing the plaintiff's conspiracy claim in *Valspar*, the Court found that the defendants' internal emails relied upon by the plaintiff did not meet its burden, especially when, by comparison, the "regular communication *between* competitors" did not meet the plaintiffs' burden in the *Baby Food* case. *Valspar Corporation. v. E.I. Du Pont De Nemours and Company.*, 873 F.3d 185, 202 (3d Cir. 2017) (emphasis in original). Indeed, the Third Circuit in *Baby Food* (cited by *Valspar*) confirmed that "communications between competitors do not permit an inference of an agreement to fix prices unless those communications rise to the level of an agreement" and "[g]athering competitors' price information can be consistent with independent competitor behavior." *In Re Baby Food Antitrust Litigation*, 166 F.3d 112, 126 (3d Cir. 1999) (collecting cases). Thus, it is clear that alleged direct communications between competitors do not independently satisfy Plaintiffs' burden. As was the case in *Valspar*, Plaintiffs' allegations here do not plausibly show any agreement apart from conscious parallelism.

Plaintiffs' attempt to rely on their allegations against Mr. Falkin to state a claim against Mr. Rogerson also fails. As explained by Mr. Rogerson's Motion to Dismiss and unaddressed by Plaintiffs, to state a claim against Mr. Rogerson, the allegations need to be sufficiently detailed as to *Mr. Rogerson's* alleged knowledge or actions. Motion at 5 (citing *In re Processed Egg Products Antitrust Litigation*, 821 F. Supp. 2d 709, 719 (3d Cir. 2011); *In re OSB Antitrust Litigation*, 2007 WL 2253419, at *5 (E.D. Pa. 2007)). Despite their attempt to parallel the allegations between two former co-workers in their Opposition, Plaintiffs do not specify any allegation that Mr. Rogerson

3

took any action or even had any conversation with Mr. Falkin that supports Plaintiffs' alleged theory. In addition, there are no allegations that Mr. Rogerson was aware of anyone else's communications involving Teva, let alone that he was part of a conspiracy with such an Individual. Plaintiffs' theories are not plausibly substantiated by its allegations, and this cannot satisfy their pleading burden.

Counts 33 and 35 alleged against Mr. Rogerson should be dismissed.

### B. Plaintiffs Fail to Save Their Untimely Claims

Mr. Rogerson's Motion to Dismiss explained that, because no act was allegedly taken by or caused by Mr. Rogerson within the four-year statute of limitations, Plaintiffs claims against Mr. Rogerson are untimely. Motion at 5-6. In response, Plaintiffs claim that because Mr. Rogerson was part of a conspiracy that was fraudulently concealed, acts by any co-conspirator within the statutory period are imputed to Mr. Rogerson. Opp. at 50. Even assuming, *arguendo*, that is true,[1] the only substantive allegations made against Mr. Rogerson relate to his alleged agreement with the Individual Defendant, and there are no viable allegations of Mr. Rogerson's knowledge or role in any other larger conspiracy encompassing any other individuals or companies. Motion at 4-5. Thus, for Plaintiffs' fraudulent concealment argument to apply to their claims against Mr. Rogerson, it would need to apply to Mr. Rogerson or the Individual Defendant because they are the only alleged participants in the conspiracy involving Mr. Rogerson. *See, e.g.*, *In re Communicty Bank of Northern Virginia Mortgage Lending Practices Litigation*, 795 F.3d 380, 401-02 (3d Cir. 2015) (analyzing fraudulent concealment argument on the specific facts of each claim).

---

[1] To this end, Mr. Rogerson adopts the arguments made by all other Individual Defendants as to the timeliness of Plaintiffs' claims, including the inapplicability of the fraudulent concealment and equitable tolling doctrines.

4

On this score, it is undisputed that there are no fraudulent concealment allegations specifically applicable to Mr. Rogerson, and those against the Individual Defendant expressly exclude any alleged communications with Mr. Rogerson and Actavis. Am. Compl. at ¶1128. Thus, the doctrine cannot excuse the untimeliness of Plaintiffs' claims against Mr. Rogerson.

In passing, Plaintiffs cite their allegation that Mr. Rogerson communicated with competitors after May 2015, but this does not render their claims timely. In a single paragraph, Plaintiffs allege the raw number of communications (any text or phone call) with competitors, with no allegations of their substance (let alone that they had to do with Plaintiffs' conspiracy theory). Am. Compl. at ¶1078. These allegations in no way support any claim against Mr. Rogerson, nor do they provide any basis for extending the limitations period. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) (an antitrust cause of action "accrues and the statute [of limitations] begins to run when a defendant commits an act that injures a plaintiff's business.").

Accordingly, even assuming that Plaintiffs state a claim as to Mr. Rogerson's communications with the Individual Defendant (which, for the reasons above, is not the case), Plaintiffs have not provided any basis for filing its claims outside the statute of limitations.

## III.  Conclusion

For these reasons, Mr. Rogerson respectfully requests that Plaintiffs' claims against him be dismissed.

Date:  February 26, 2021                                              Respectfully submitted,


*/s/ David Reichenberg*
David Reichenberg
COZEN O'CONNOR P.C.
277 Park Avenue, 20th Floor
New York, NY 10172
(212) 883-4956
dreichenberg@cozen.com

5

Stephen A. Miller
Calli Jo Padilla
COZEN O'CONNOR P.C.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(215) 665-6938
(215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Attorneys for Defendant Richard Rogerson*

## **CERTIFICATE OF SERVICE**

I, David Reichenberg, certify that on February 26, 2021, I caused a true and correct copy of Defendant Richard Rogerson's Reply in Support of his Motion To Dismiss Plaintiffs' Amended Complaint to be served on all counsel via the court's electronic filing system.

Dated: February 26, 2021

*/s/ David Reichenberg*
David Reichenberg