# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*The State of Connecticut, et al. v.*<br>*Teva Pharmaceuticals USA, Inc.,*<br>*et al.* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>2:19-cv-02407-CMR |

**DEFENDANTS' REPLY**
**IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**
**PLAINTIFFS' FEDERAL-LAW CLAIMS FOR LACK OF STANDING**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 1

    I.     The States Cannot Obtain Monetary Relief Under Federal Law ............................1

          A.     Section 16 of the Clayton Act Does Not Provide For a
Disgorgement Remedy..................................................................................1

          B.     Under *Illinois Brick*, the States Cannot Obtain Monetary Relief,
Including Disgorgement.................................................................................6

    II.    The States Lack Standing to Pursue Damages or Other Monetary Relief for
Alleged Harm to their "General Economies." .........................................................9

    III.   The States Lack Standing for *Parens Patriae* Claims.. ........................................10

CONCLUSION.................................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez,*
   458 U.S. 592 (1982) ................................................................................................10, 11

*Apple, Inc. v. Pepper,*
   139 S. Ct. 1514 (2019) ....................................................................................................7

*In re Auto. Parts Antitrust Litig.,*
   No. 13-cv-2005, 2021 WL 148004 (E.D. Mich. Jan. 15, 2021) .........................................9, 10

*Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic,*
   152 F.3d 588 (7th Cir. 1998) ...........................................................................................8

*Broselow v. Fisher,*
   319 F.3d 605 (3d Cir. 2003) .....................................................................................10, 11

*California v. Am. Stores Co.,*
   495 U.S. 271 (1990) .......................................................................................................5

*In re Cathode Ray Tube ("CRT") Antitrust Litig.,*
   No. C-07-5944 JST, 2016 WL 3648478 (N.D. Cal. July 7, 2016), *remanded
   on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*, No. 16-
   16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019) ...................................................................8

*Chapman v. Tristar Prods., Inc.,*
   940 F.3d 299 (6th Cir. 2019) ..........................................................................................10

*Connecticut v. Physicians Health Servs. of Conn., Inc.,*
   103 F. Supp. 2d 495 (D. Conn. 2000) ................................................................................10

*eBay Inc. v. MercExchange, LLC,*
   547 U.S. 388 (2006) .......................................................................................................8

*FDA v. Brown & Williamson Tobacco Corp.,*
   529 U.S. 120 (2000) .......................................................................................................2

*F. Hoffman-La Roche Ltd. v. Empagran S.A,*
   542 U.S. 155 (2004) .......................................................................................................5

*F.T.C. v. Abbvie, Inc.*
   976 F.3d 327 (3d Cir. 2020) ................................................................................. *passim*

*F.T.C. v. AMG Capital Mgmt., LLC*,
910 F.3d 417 (9th Cir. 2018) (O'Scannlain, J., concurring), *cert. granted*, 141
S. Ct. 194 (2020) ............................................................................................3, 4

*F.T.C. v. Cephalon, Inc.*,
100 F. Supp. 3d 433 (E.D. Pa. 2015) ............................................................4

*F.T.C. v. Mylan Labs., Inc.*,
62 F. Supp. 2d 25 (D.D.C. 1999), *modified on other grounds*, 99 F. Supp. 2d 1
(D.D.C. 1999) ..................................................................................................7

*In re G-Fees Antitrust Litig.*,
584 F. Supp. 2d 26 (D.D.C. 2008) ................................................................7

*Gavitt v. Born*,
835 F.3d 623 (6th Cir. 2016) ........................................................................11

*Georgia v. Pennsylvania R.R. Co.*,
324 U.S. 439 (1945) ......................................................................................10

*Great-West Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002) .....................................................................................3, 6

*Hawaii v. Standard Oil Co. of Cal.*,
405 U.S. 251 (1972) .....................................................................................9, 10

*Hu v. BMW of N. Am., LLC*,
No. 18-4363 (KM) (JBC), 2021 WL 346974 (D.N.J. Feb. 2, 2021) ...........7

*Illinois Brick Co, v. Illinois*,
431 U.S. 720, 746 (1977) .........................................................................6, 7 , 8

*Missouri ex rel. Koster v. Harris*,
847 F.3d 646 (9th Cir. 2017) ........................................................................11

*Liu v. SEC*,
140 S. Ct. 1936 (2020) ...................................................................................6

*In re Flonase Antitrust Litig.*
692 F. Supp. 2d 524 (E.D. Pa. 2010) ............................................................7

*In re Multidistrict Vehicle Air Pollution*,
538 F.2d 231 (9th Cir. 1976) .........................................................................3

*In re Niaspan Antitrust Litig.*,
42 F. Supp. 3d 735 (E.D. Pa. 2014) ..............................................................7

*In re Novartis & Par Antitrust Litig.*,
   No, 18-11835, 2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019)..................................9

*Pennslvania ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988)....................................................................................7

*Porter v. Warner Holding Co.*,
   328 U.S. 395 (1946)................................................................................................3

*In re Pre-Filled Propane Tank Antitrust Litig.*,
   893 F.3d 1047 (8th Cir. 2018) ................................................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   MDL No. 1827, 2011 WL 2790179 (N.D. Cal. July 12, 2011) ...............................4

*United States v. Keyspan Corp.*,
   763 F. Supp. 2d 633 (S.D.N.Y. 2011) .....................................................................4

*United States v. Lane Labs-USA Inc*,
   427 F.3d 219 (3d Cir. 2005).....................................................................................4

*United States v. Morgan Stanley*,
   881 F. Supp. 2d 563 (S.D.N.Y. 2012).....................................................................4

*Utility Air Regulatory Grp. v. EPA*,
   573 U.S. 302 (2014)................................................................................................2

*In re Warfarin Sodium Antitrust Litig.*,
   214 F.3d 395, 399 (3d Cir. 2000).............................................................................8

**Statutes**

7 U.S.C. § 13a-1(d)(3)(A)–(B) ......................................................................................4

15 U.S.C. § 16(e) ...........................................................................................................4

15 U.S.C. § 25................................................................................................................5, 6

15 U.S.C. § 26................................................................................................................1, 3

15 U.S.C. § 53(b) ...........................................................................................................5

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)........................................................................2

Fed. R. Civ. P. 7(a) .......................................................................................................11

Restatement (Third) of Restitution and Unjust Enrichment § 51 cmt. a ........................3

**INTRODUCTION**

Although the States characterize the relief they seek as "wholly appropriate," State Opp'n to Defs.' Joint Mot. to Dismiss, Dkt. 203 ("Opp'n") at 2, it has no basis in the law.  For three independent reasons, the States lack the standing necessary to pursue the federal-law monetary claims that they seek.  *First*, Section 16 of the Clayton Act allows only for "injunctive relief," which the Third Circuit has held does not include disgorgement, and *Illinois Brick* further bars the States, as indirect purchasers, from obtaining a monetary remedy under the guise of disgorgement.  *Second*, the States have no basis to pursue damages or other monetary relief on behalf of their "general economies."  And, *third*, the States do not have standing to pursue claims as *parens patriae* because they have failed to plausibly allege that (i) they have a quasi-sovereign interest, (ii) a sufficiently substantial segment of their populations have been injured, or (iii) any of those allegedly injured consumers are incapable of asserting claims on their own behalf.

The States' federal-law claims for disgorgement, relief on behalf of their "general economies," and claims as *parens patriae* should therefore be dismissed.

**ARGUMENT**

**I.    The States Cannot Obtain Monetary Relief Under Federal Law.**

**A.    Section 16 of the Clayton Act Does Not Provide For a Disgorgement Remedy.**

The States purport to base their federal antitrust claims under Section 16 of the Clayton Act, but that statute unequivocally provides only for "*injunctive relief* . . . against *threatened* loss or damage by a violation of the antitrust laws."  15 U.S.C. § 26 (emphasis added); *see* Defs.' Mem. of Law in Supp. of Joint Mot. to Dismiss, Dkt. 193-1 ("Mot.") at 4–6.  While the States may wish to construe Section 16 as somehow authorizing *any* form of equitable relief, that

1

interpretation is both contrary to precedent and an impossible reading of Section 16.[1]  An injunction is "[a] court order commanding or preventing an action."  *Black's Law Dictionary* (11th ed. 2019).  Because injunctions are inherently forward-looking remedies, Section 16 applies to prevent only "threatened"—that is, future—"loss or damage."  Disgorgement, however, is—by definition—a backward-looking remedy punishing past conduct and, therefore, unavailable under Section 16.  For this reason, the States fail to cite even *one* decision—state or federal—where a court has authorized disgorgement under Section 16.

Astonishingly, the States ignore *F.T.C. v. Abbvie, Inc.*, controlling Third Circuit precedent decided last year, which holds that disgorgement is a form of restitution, not "injunctive relief," because disgorgement "deprives a wrongdoer of *past* gains."  976 F.3d 327, 375–76 (3d Cir. 2020).  Statutes concerned with threatened loss or damage, such as Section 13(b) of the FTC Act analyzed in *Abbvie* and Section 16 of the Clayton Act here, thus do not permit plaintiffs to obtain disgorgement as a remedy.[2]  Unable to show that disgorgement is "injunctive relief," the States say that disgorgement is a form of "traditional equitable relief," Opp'n at 3, but that point is irrelevant.  The relevant question is whether disgorgement is "injunctive relief" against "threatened" damage, as Section 16 requires.  It is not.  *See Abbvie*, 976 F.3d at 375–76;

---

[1] As the Supreme Court has repeatedly announced, a court must "bear[] in mind the 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'"  *Utility Air Regulatory Grp. v. EPA*, 573 U.S. 302, 320 (2014) (quoting *FDA v. Brown & Williamson Tobacco Corp*., 529 U.S. 120, 133 (2000)).  Here, Congress's intent is clear: Section 16 governs forward-looking remedies like injunctions, and a different provision, Section 4 of the Clayton Act, 15 U.S.C. § 15, provides a damages remedy for backward-looking harm.

[2] Although the States write in some detail about the ways in which different courts have interpreted the authorization for injunctive relief in Section 13(b) of the FTC Act, they completely ignore the Third Circuit's unambiguous—and binding—interpretation from *Abbvie*: that "district courts lack the power to order disgorgement under Section 13(b) of the FTC Act."  976 F.3d at 379.

2

*see also* Restatement (Third) of Restitution and Unjust Enrichment § 51 cmt. a (Am. L. Inst. 2019).  Further, injunctive relief cannot encompass a court order to pay a money judgment because, if it did, "a statutory limitation to injunctive relief would be meaningless, since any claim for legal relief can, with lawyerly inventiveness, be phrased in terms of an injunction." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 211 n.1 (2002) (interpreting a provision of ERISA, 29 U.S.C. § 1132(a)(3)(A), under which a party may seek to "enjoin any act or practice" violating a plan's terms); *accord F.T.C. v. AMG Capital Mgmt., LLC*, 910 F.3d 417, 430 (9th Cir. 2018) (O'Scannlain, J., concurring) (Section 13(b) of the FTC Act, under which the FTC may move to seek an injunction, does not provide for disgorgement), *cert. granted*, 141 S. Ct. 194 (2020).[3]

Rather than address binding law in *Abbvie*, the States rely on the unremarkable proposition that a district court has "broad discretion to award . . . equitable disgorgement." Opp'n at 3.  But courts' general discretion to order remedies in equity is not unbounded when, as here, the statute in question is limited to specific equitable remedies.  Indeed, the very case on which the States rely, *Porter v. Warner Holding Company*, holds that when "a statute in so many words, or by a *necessary and inescapable inference*, restricts the court's jurisdiction in equity," that court is unable to grant those equitable remedies that it might otherwise grant.  328 U.S. 395, 398 (1946) (emphasis added).  Just like Section 13(b) of the FTC Act, Section 16 of the Clayton

---

[3] The States similarly miss the point in their attempt to distinguish *In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231 (9th Cir. 1976).  *See* Opp'n at 10 n.7.  The remedy that the Ninth Circuit discussed in the relevant portion of *Vehicle Air Pollution* was a form of restitution, 538 F.2d at 234, and "disgorgement . . . is a form of restitution," *Abbvie*, 976 F.3d at 375.  The disgorgement remedy that the States seek is clearly a form of "[r]ecovery for past losses," *Vehicle Air Pollution*, 538 F.2d at 234, and not "relief . . . against threatened loss or damage," 15 U.S.C. § 26.  *That* is the relevant inquiry, which the States continue to ignore.

Act "limits the district court's equitable jurisdiction and powers because it specifies the form of equitable relief a court may order." *Abbvie*, 976 F.3d. at 379.  Contrary to the States' suggestion, *United States v. Lane Labs-USA Inc.* does not change that analysis.  427 F.3d 219 (3d Cir. 2005). If anything, *Lane Labs* reaffirms *Porter's* central tenet: a district court sitting in equity is bound by "clear statutory limitation[s] on the district court's equitable jurisdiction and powers," and an equitable remedy is "permitted only where it furthers the *purposes of the statute*."  *Lane Labs*, 427 F.3d at 225.  Disgorgement would *not* further the purposes of Section 16, a statute providing only for forward-looking injunctive relief.[4]

Other cases the States cite similarly miss the mark.  The States invoke two Tunney Act cases, but in both the federal government sought disgorgement as a part of its proposed consent decrees, and thus the courts' "limited" role was to decide whether the decrees were "'in the public interest.'"  *United States v. Keyspan Corp.*, 763 F. Supp. 2d 633, 637–43 (S.D.N.Y. 2011) (quoting 15 U.S.C. § 16(e)(1)); *United States v. Morgan Stanley*, 881 F. Supp. 2d 563, 566–67 (S.D.N.Y. 2012); *see* Opp'n at 4.  Neither case addressed whether disgorgement is available under Section 16 of the Clayton Act.  *Id.  In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 2790179 (N.D. Cal. July 12, 2011), a case about Oregon state law that relies on the analysis from *Keyspan*, is similarly irrelevant here.  Although the States discuss *F.T.C. v.*

---

[4] "[A]s a brief glance through the Statutes at Large shows," Congress knows how to authorize equitable remedies beyond injunctive relief when it wants to.  *AMG Capital*, 910 F.3d at 431 (O'Scannlain, J., concurring) (collecting citations).  For example, the Commodity Exchange Act authorizes a court to impose specific "equitable remedies," including "restitution" and "disgorgement," 7 U.S.C. § 13a-1(d)(3)(A)–(B), as well as grant "a permanent or temporary injunction" under a related provision, *id.* § 13a-1(b).  When Congress chooses the specific term, "injunctive relief," rather than the broader term, "equitable remedies," the specific term controls. *See AMG Capital*, 910 F.3d at 431 (O'Scannlain, J., concurring).  To interpret a statutory "authorization of 'injunctions' to empower courts to award so-called equitable monetary relief is, to say the least, strained."  *Id.*

*Cephalon, Inc.*, 100 F. Supp. 3d 433 (E.D. Pa. 2015), which reads the FTC Act as providing for a disgorgement remedy under 15 U.S.C. § 53(b)—the provision which allows the FTC to sue to "enjoin any such act or practice" violating the Act—that case was effectively overturned by the Third Circuit in *Abbvie*, which reached the opposite conclusion. *See Abbvie*, 976 F.3d at 379.

*California v. American Stores Company* is also no help to the States. 495 U.S. 271 (1990). That case held that a plaintiff may seek an injunction requiring a merged company to divest assets as a means to prevent *future* harm from an allegedly anticompetitive merger, a remedy unlike disgorgement or other forms of monetary relief. *Id.* at 295–96. The Court in *American Stores* expressly recognized a divestiture order as a *forward-looking* bulwark against potential harm. *See id.* at 283 ("If we assume that the merger violated the antitrust laws, and if we agree with the District Court's finding that the conduct of the merged enterprise *threatens economic harm* to California consumers, the literal text of § 16 is plainly sufficient to authorize injunctive relief, including an order of divestiture, that *will prohibit that conduct from causing that harm*." (emphasis added)). Because disgorgement is a backward-looking remedy, *American Stores* further proves why the States may *not* recover disgorgement.

Finally, the States' appeal to certain general principles espoused in *F. Hoffman-La Roche Ltd. v. Empagran S.A* is unavailing. 542 U.S. 155 (2004). In that case, the Supreme Court noted that (i) "[a] Government plaintiff, unlike a private plaintiff, must seek to obtain the relief necessary to protect the public from further anticompetitive conduct and to redress anticompetitive harm," and (ii) "a Government plaintiff has legal authority broad enough to allow it carry out this mission." *Id.* at 170. The "Government plaintiff" that the Court describes, however, is "the Government of the *United States*," not State litigants. *Id.* (emphasis added). The *Hoffman* Court cited 15 U.S.C. § 25, which speaks of the duty of "*United States attorneys . .*

. to institute proceedings in equity," and does not provide a cause of action for a state or any

other plaintiff. *Id.* (emphasis added).  As much as the States would like to suggest otherwise,

their federal-law claims here are no different from any private or other governmental litigant

proceeding under Section 16 of the Clayton Act and are subject to the clear limitations of that

statute.  Although the States argue that this Court's equitable powers are "especially broad and

flexible" because their claims allegedly implicate "the public interest," Opp'n at 5, having

"especially broad and flexible" powers is insufficient for this Court to disregard the plain text of

Section 16 and subvert the Third Circuit's decision in *Abbvie*.[5]

> **B.  Under *Illinois Brick*, the States Cannot Obtain Monetary Relief, Including Disgorgement.**

Even if Section 16 of the Clayton Act were to permit disgorgement, which it does not,

*Illinois Brick Company v. Illinois* separately and independently bars the States' claims for

disgorgement or any other monetary relief.  *See* Mot. at 6–8.  Defendants' position is not—as the

States suggest—that disgorgement and damages are necessarily synonymous, but, rather, that

both remedies are forms of monetary relief and the States are entitled to neither.  Under *Illinois*

---

[5] In an effort to limit the relevance of *Liu v. SEC*, 140 S. Ct. 1936 (2020), the States contend that the Court's holding should be confined to the specific statute at issue.  However, the relevant principles from *Liu* do not depend on "specific language in the Securities and Exchange Act." Opp'n at 7 n.5.  A plain reading of *Liu* makes clear that the analysis is applicable to any statute that "provide[s] for 'equitable relief,'" 140 S. Ct. at 1942, because "statutory references to a remedy grounded in equity must, absent other indication, be deemed to contain the limitations upon its availability that equity typically imposes," *id.* at 1947 (quoting *Great-West Life & Annuity Ins. Co.*, 534 U.S. at 211 n.1) (brackets and internal quotation marks omitted).  As *Liu* explains, while "equity practice long authorized courts to strip wrongdoers of their ill-gotten gains, . . . to avoid transforming an equitable remedy into a punitive sanction, courts restricted the remedy to an individual wrongdoer's net profits to be awarded for victims."  140 S. Ct. at 1942.  If this Court were to allow the States to recover a "disgorgement" remedy in their *parens patriae* capacities, that would, in effect, be "permitting a wrongdoer's profits to be withheld from a victim indefinitely without being disbursed to known victims"; the *Liu* Court found "no . . . common-law remedy" "analogous" to this sort of relief, *id.* at 1948, and noted that failing to disburse proceeds of fraud to victims "is in considerable tension with equity practices," *id.* at 1946.

*Brick*, only plaintiffs who purchase a product *directly* from a defendant may pursue monetary relief under federal antitrust law.  431 U.S. 720, 746 (1977).  Because the States do not dispute that they are at most indirect purchasers of the products at issue,[6] the analysis should end there. "The indirect purchaser rule set out in *Illinois Brick* is a bright-line rule that admits no exceptions," and "there is no reason to ask whether the rationales of *Illinois Brick* apply with equal force in every individual case."  *Hu v. BMW of N. Am., LLC*, No. 18-4363 (KM) (JBC), 2021 WL 346974, at *3 (D.N.J. Feb. 2, 2021) (quoting *Apple, Inc. v. Pepper*, 139 S. Ct. 1514, 1524 (2019)) (internal quotation marks omitted).  The States' efforts to distinguish forms of equitable and legal relief, Opp'n at 10, cannot compel a different conclusion because *Illinois Brick* does not rely on that distinction; if it did, the policy driving *Illinois Brick* could be easily contravened.  As the Eighth Circuit held, "indirect purchasers cannot pursue disgorgement" under the federal antitrust laws because holding otherwise would sanction "an impermissible attempt to circumvent Supreme Court precedent."  *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018) (citing, inter alia, *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 (E.D. Pa. 2010)).[7]  District courts across the country have held similarly.

---

[6] To the extent that the States seek to recharacterize their claims (and effectively amend the States' Second Complaint without motion or leave of the Court) by suggesting that "State purchases on the MMCAP platform also *may* give rise to 'direct purchaser' claims," Opp'n at 1 n.1 (emphasis added), they may not do so in a response brief.  *See Penn. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (brackets, citations, and internal quotation marks omitted).  Nevertheless, these considerations are moot here because the States cannot maintain their disgorgement claims under federal law for the reasons discussed above.

[7] *In re G-Fees Antitrust Litigation*, 584 F. Supp. 2d 26 (D.D.C. 2008), upon which the States rely, is a case that another judge in this district has noted is "an outlier decision," while "expressly reject[ing]" its position that "the rule of *Illinois Brick* . . . does not necessarily dispossess a purchaser of his right to pursue a common law equitable remedy."  *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 n.26 (E.D. Pa. 2014) (brackets omitted).

*See F.T.C. v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 41–42 (D.D.C. 1999) (dismissing disgorgement claims based on *Illinois Brick* indirect purchaser rule), *modified on other grounds*, 99 F. Supp. 2d 1 (D.D.C. 1999); *In re Cathode Ray Tube ("CRT") Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at *13 (N.D. Cal. July 7, 2016), *remanded on other grounds sub nom. Indirect Purchaser Plaintiffs v. Finn*, No. 16-16368, 2019 WL 638113 (9th Cir. Feb. 13, 2019).[8]  The States have no answer for these cases.  Instead, they rely on—and mischaracterize—*In re Warfarin Sodium Antitrust Litigation*, suggesting that it authorizes their request for disgorgement.  *See* Opp'n at 11.  In *Warfarin*, the Third Circuit noted that "[i]ndirect purchaser status . . . is not fatal to a plaintiff's request for *injunctive relief* under section 16 of the Clayton Act," but the States here seek monetary relief, not an injunction.  214 F.3d 395, 399 (3d Cir. 2000) (emphasis added).  *Warfarin*, therefore, does not support their position.

Contrary to the States' arguments, the unavailability of money damages under federal law does not trigger a right to seek monetary remedies in equity.  *See* Opp'n at 2, 9.  The States do not establish the contrary proposition, and their citation to *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), is inapposite.[9]  Assuming that "[i]nadequacy of a plaintiff's remedy at law . . . [is] a prerequisite to" equitable relief, "a common reason why the damages remedy is inadequate is that the plaintiff is unable to quantify the harm."  *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 152 F.3d 588, 591 (7th Cir. 1998).  The States do not argue that they

---

[8] The States cite a footnote in *CRT*, but, as with all the other authorities that they cite, *CRT* does not hold or suggest that an indirect purchaser State plaintiff can obtain disgorgement under Section 16.  *See* Opp'n at 5; *CRT*, 2016 WL 3648478, at *13 n.26.

[9] The Supreme Court in the cited portion of *eBay* simply noted that a plaintiff seeking a permanent injunction "must demonstrate . . . that remedies available at law, such as monetary damages, are inadequate to compensate for [an] injury."  547 U.S. at 391.  That remains a necessary condition for receiving a particular equitable award, not a sufficient one.

cannot recover a legal remedy because they are unable to quantify their alleged harm. Rather, the States do not have a legal remedy because they are barred from one under federal law. This is not a recognized avenue to equitable relief. To the contrary, when the law evinces a clear policy determination that a monetary remedy is not available, it would be inequitable for a court to "circumvent" those legal limitations by granting the same remedy under another name. *See In re Auto. Parts Antitrust Litig.*, No. 13-cv-2005, 2021 WL 148004, at *4 (E.D. Mich. Jan. 15, 2021) (quoting *In re Novartis & Par Antitrust Litig.*, No. 18-11835, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019)).

## II.    The States Lack Standing to Pursue Damages or Other Monetary Relief for Alleged Harm to their "General Economies."

The States lack statutory standing to seek monetary relief for alleged injuries to their "general economies." *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 262–64 (1972); *see* Mot. at 10. Although the *Standard Oil* Court spoke of "damages," the States' request for disgorgement exemplifies the Court's central concern. "A large and ultimately indeterminable part of the [alleged] injury to the 'general economy' . . . is no more than a reflection of injuries to the 'business or property' of consumers, for which they may recover themselves under [Clayton Act Section] 4." *Standard Oil*, 405 U.S. at 264. Here, the risk of "duplicative recoveries" is very real, given that the States seek a monetary remedy for the *exact same injuries* alleged by many different classes of private plaintiffs in this MDL. And while the *Standard Oil* Court "noted the key distinction between seeking recovery of *damages* . . . and seeking *injunctive relief*," Opp'n at 15, "injunctive relief" for that Court—as it indeed remains for all courts in equity—was a non-monetary remedy. Otherwise, the Court proclaiming that "one injunction is as effective as 100, and . . . 100 injunctions are no more effective than one" would make no

sense.  *Standard Oil*, 405 U.S. at 261.  Injunction is a well-recognized, defined term, no matter

how much the States insist otherwise.  *See Abbvie*, 976 F.3d at 375–76.

## III.    The States Lack Standing for *Parens Patriae* Claims.

The States also lack standing under federal law to assert claims as *parens patriae* on

behalf of their citizens.  *See* Mot. at 8–12.  *First*, the States must "articulate 'an interest apart

from the interests of particular private parties.'"  *Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir.

2003) (quoting *Alfred L. Snapp & Son, Inc. v. P.R. ex rel. Barez*, 458 U.S. 592, 607 (1982)); *see*

Mot. at 10–11.  The question is not whether a litigant might be able to "identif[y] harms inflicted

on individual consumers."  Opp'n at 16 (emphasis removed).  Rather, the question is whether the

harm alleged in the *parens* claim is "*more* . . . than injury to an identifiable group of individual

residents."  *Snapp*, 458 U.S. at 607 (emphasis added); *see also Chapman v. Tristar Prods., Inc.*,

940 F.3d 299, 306 (6th Cir. 2019); *Auto. Parts*, 2021 WL 148004, at *3.  The States' Second

Complaint fails to allege such harm, and in purporting to assert claims as *parens patriae*, each

State is a quintessential "nominal party without a real interest of its own."  *Snapp*, 458 U.S. at

600; *see also id.* at 602, 607.  The injuries that the States allege here, unlike those that might

stem from "noxious gases," are from discrete transactions with private individuals or businesses

who purchased particular products, and who can sue—and have sued—to recover for the same

injuries that the States allege.  *Georgia v. Pennsylvania Railroad Company*, which the States

cite, is thus irrelevant: the Court there considered discriminatory railroad rates—"a wrong, which

if proven, limits the opportunities of [the State's] people, shackles [the State's] industries, retards

[the State's] development, and relegates [the State] to an inferior [] economic position among her

sister States."  324 U.S. 439, 451 (1945).  The discrete transaction-level overcharges alleged here

are a far cry from the type of broad, economy-wide harms the Court recognized in *Pennsylvania*

*Railroad*.

10

*Second*, the quasi-sovereign interest that the States are required to articulate must "affect[] a 'sufficiently substantial' segment of" the States' residents. *Broselow*, 319 F.3d at 609 (quoting *Snapp*, 458 U.S. at 607); *see* Mot. at 12. The Second Complaint fails to allege *any* facts about the number or proportion of individuals in each state who allegedly suffered harm. The pleading includes no "specific allegations about the statewide magnitude" of the harm caused by the alleged conduct. *Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017). Having apparently recognized this pleading deficiency, the States now assert, without evidence, that "more than a 'sufficiently substantial segment' of the States' residents use generic drugs." Opp'n at 16. Even if this were taken as true, it misses the point entirely; the number of people who use "generic drugs" generally says nothing about how many residents of each relevant state used the "generic drugs" *at issue* in this litigation during the relevant time period and allegedly overpaid for them. Further, even if their response brief had provided factual content to help the States meet their pleading burden—it does not—that brief is not a pleading. *See* Fed. R. Civ. P. 7(a) (identifying the pleadings allowed). Because "[a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings," *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted), the States cannot use their response to cure the deficiencies of their Second Complaint.

*Third*, the States claim a right to sue under *parens patriae* authority even though the consumers whom they purport to represent have already brought claims against the same Defendants for substantially the same alleged conduct. The States claim that "[n]othing in the case law requires that individual consumers be unable to litigate a claim for the state to have *parens* standing." Opp'n at 16. Not so, given that courts have imposed this requirement. Indeed, "courts have recognized that *parens patriae* standing is inappropriate where an aggrieved

11

party could seek private relief."  *Koster*, 847 F.3d at 652 (citing *N.Y. ex rel. Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 40 (2d Cir. 1982); *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 103 F. Supp. 2d 495, 504 (D. Conn. 2000)); *see* Mot. at 11–12 and n.5 (citing cases).  As this Court is well aware, numerous individual consumers and businesses have already filed cases in this MDL.  Because the States' invocation of *parens patriae* standing is unavoidably duplicative of those private claims, the Court should dismiss the States' *parens patriae* claims.

In sum, the States have failed to allege (1) an interest apart from the interests of particular private parties; (2) that Defendants have injured a sufficiently substantial segment of their populations; and (3) that private consumers are incapable of bringing claims on their own behalf. Accordingly, the States do not have *parens patriae* standing.

## CONCLUSION

The States lack standing to sue under the federal antitrust laws for monetary relief, including disgorgement, or as *parens patriae* for relief on behalf of their "general economies" or consumers.  Accordingly, the Court should dismiss those claims, as specified in the Motion to Dismiss and Proposed Order.

Dated: February 26, 2021

/s/ Sheron Korpus
Sheron Korpus
Seth A. Moskowitz
Seth Davis
David M. Max
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com
dmax@kasowitz.com

*Counsel for Defendants Actavis Elizabeth, LLC,
Actavis Holdco U.S., Inc., and Actavis Pharma,
Inc.*

/s/ Steven A. Reed
R. Brendan Fee
Steven A. Reed
Melina R. DiMattio
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001
brendan.fee@morganlewis.com
steve.reed@morganlewis.com
melina.dimattio@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219
Telephone: (412) 560-7455
Facsimile:  (415) 560-7001
wendy.feinstein@morganlewis.com

*Counsel for Defendant Glenmark
Pharmaceuticals, Inc., USA*

Respectfully submitted,

/s/ Benjamin F. Holt
Benjamin F. Holt
Adam K. Levin
Justin W. Bernick
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
benjamin.holt@hoganlovells.com
adam.levin@hoganlovells.com
justin.bernick@hoganlovells.com

Jasmeet K. Ahuja
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendant Mylan Pharmaceuticals Inc.*

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile:  (212) 836-8689
margaret.rogers@arnoldporter.com
saul.morgenstern@arnoldporter.com

Laura S. Shores
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue
Washington, DC 20001
Telephone: (202) 942-5000
laura.shores@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and Fougera
Pharmaceuticals Inc.*

/s/ Leiv Blad
Leiv Blad
Zarema Jaramillo
Meg Slachetka
**LOWENSTEIN SANDLER LLP**
2200 Pennsylvania Avenue
Washington, D.C. 20037
Telephone: (202) 753-3800
Fax: (202) 753-3838
lblad@lowenstein.com
zjaramillo@lowenstein.com
mslachetka@lowenstein.com

*Counsel for Defendants Lupin Pharmaceuticals,
Inc. and David Berthold*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Kirkpatrick
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile:  (202) 434-5029
jschmidtlein@wc.com
skirkpatrick@wc.com

*Counsel for Defendant Par Pharmaceutical
Companies, Inc.*

14

*/s/ Raymond A. Jacobsen, Jr.*
Raymond A. Jacobsen, Jr.
Paul M. Thompson (Pa. Bar No. 82017)
Lisa (Peterson) Rumin
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lrumin@mwe.com

Nicole L. Castle
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
ncastle@mwe.com

*Counsel for Defendants Amneal*
*Pharmaceuticals, Inc. and Amneal*
*Pharmaceuticals LLC*

*/s/ Jay P. Lefkowitz, P.C.*
Jay P. Lefkowitz, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jay.lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant Upsher-Smith*
*Laboratories, LLC*

*/s/ Wayne A. Mack*
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendant Aurobindo Pharma USA,*
*Inc.*

15

*/s/ J. Gordon Cooney, Jr.*

J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Defendant Teva Pharmaceuticals USA, Inc.*

*/s/ James W. Matthews*

James W. Matthews
Katy E. Koski
John F. Nagle
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, Massachusetts 02199
Telephone: (617) 342-4000
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Telephone: (215) 569-5644
thenry@blankrome.com
mcarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

16

/s/ Damon W. Suden
William A. Escobar
Damon W. Suden
Clifford Katz
**KELLEY DRY & WARREN LLP**
101 Park Ave
New York, New York 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7987
wescobar@kelleydrye.com
dsuden@kelleydrye.com
ckatz@kelleydrye.com

*Counsel for Defendants Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.*

/s/ Ilana H. Eisenstein
Ilana H. Eisenstein
Ben C. Fabens-Lassen
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
ben.fabens-lassen@dlapiper.com

Edward S. Scheidman
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
edward.scheideman@dlapiper.com

*Counsel for Defendants Pfizer Inc. and Greenstone, LLC*

/s/ Jason R. Parish
Jason R. Parish
Martin J. Amundson
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 452-7900
Facsimile:  (202) 452-7989
jason.parish@bipc.com
martin.amundson@bipc.com

Bradley Kitlowski
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile:  (412) 562-1041
bradley.kitlowski@bipc.com

*Counsel for Defendant Zydus Pharmaceuticals (USA) Inc.*

17

/s/ Roger B. Kaplan
Roger B. Kaplan
Jason Kislin
Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7957
Facsimile:  (973) 295-1257
kaplanr@gtlaw.com
kislinj@gtlaw.com
vannostranda@gtlaw.com

Brian T. Feeney
**GREENBERG TRAURIG, LLP**
1717 Arch St., Suite 400
Philadelphia, PA 19103
Telephone: (215) 988-7812
Facsimile:  (215) 717-5265
feeneyb@gtlaw.com

*Counsel for Defendant Dr. Reddy's
Laboratories, Inc.*

/s/ Stacy Anne Mahoney
Stacey Anne Mahoney
**MORGAN LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com

*Counsel for Defendant Breckenridge
Pharmaceutical, Inc.*

/s/ Ryan T. Becker
Gerald E. Arth
Ryan T. Becker
Nathan M. Buchter
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile:  (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
nbuchter@foxrothschild.com

George G. Gordon
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2382
Facsimile: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant Lannett Company,
Inc.*

18

*/s/ Erik T. Koons*

John M. Taladay
Erik T.Koons
Stacy L. Turner
Christopher P. Wilson
**BAKER BOTTS LLP**
700 K Street, NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
erik.koons@bakerbotts.com
john.taladay@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
**CLARK HILL PLC**
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile:  (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
**CLARK HILL PLC**
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile:  (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendant Taro Pharmaceuticals*
*U.S.A., Inc.*

*/s/ G. Robert Gage, Jr.*

G. Robert Gage, Jr.
**GAGE SPENCER & FLEMING LLP**
410 Park Avenue
New York, New York 10022
Telephone: 212-768-4900
grgage@gagespencer.com

*Counsel for Defendant Ara Aprahamian*

*/s/ Larry H. Krantz*

Larry H. Krantz
Jerrold L. Steigman
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Floor
New York, NY 10017
Telephone: (212) 661-0009
Facsimile:  (212) 355-5009
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for Defendant James Brown*

19

/s/ Thomas H. Suddath, Jr.
Thomas H. Suddath, Jr.
Anne E. Rollins
Thomas P. Reilly
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
tsuddath@reedsmith.com
arollins@reedsmith.com
treilly@reedsmith.com

Michael E. Lowenstein
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
mlowenstein@reedsmith.com

*Counsel for Defendant Maureen Cavanaugh*

/s/ Amy B. Carver
Amy B. Carver
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 972-6430
abcarver@welshrecker.com

*Counsel for Defendant Tracy Sullivan
DiValerio*

/s/ James A. Backstrom
James A. Backstrom
**JAMES A. BACKSTROM,
COUNSELLOR AT LAW**
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1923
Telephone: (215) 864-7797
jabber@backstromlaw.com

*Counsel for Defendant Marc Falkin*

/s/ Robert E. Connolly
Robert E. Connolly
**LAW OFFICE OF ROBERT
CONNOLLY**
301 N. Palm Canyon Dr.
Palm Springs, CA 92262
Telephone: (215) 219-4418
bob@reconnollylaw.com

*Counsel for Defendant James Grauso*

/s/ Robert E. Welsh, Jr.
Robert E. Welsh, Jr.
Alexandra Scanlon Kitei
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 972-6430
Facsimile: (215) 972-6436 (fax)
rewelsh@welshrecker.com
akitei@welshrecker.com

*Counsel for Defendant Kevin Green*

/s/ Jeffrey D. Smith
Jeffrey D. Smith
Alice Bergen
**DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP**
61 South Paramus Road
Paramus, New Jersey 07652
Telephone: (201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com

*Counsel for Defendant Robin Hatosy*

/s/ Erica S. Weisgerber
Erica S. Weisgerber
Erica S. Weisgerber (N.Y. Bar No. 4647749)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836
eweisgerber@debevoise.com

Edward D. Hassi (D.C. Bar No. 1026776)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-383-8000
Facsimile: 202-383-8118
thassi@debevoise.com

*Counsel to Defendant Armando Kellum*

/s/ Michael G. Considine
Michael G. Considine
Laura E. Miller
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
considine@sewkis.com
millerl@sewkis.com

*Counsel for Defendant Jill Nailor*

/s/ L. Barrett Boss
L. Barrett Boss
S. Rebecca Brodey
Thomas J. Ingalls
**COZEN O'CONNOR P.C.**
1200 19th Street NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com
rbrodey@cozen.com
tingalls@cozen.com

Peter M. Ryan
**COZEN O'CONNOR P.C.**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

*Counsel for Defendant James Nesta*

/s/ Bradley Love
Bradley Love
Larry Mackey
Neal Brackett
Alyssa C. Hughes
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
bradley.love@btlaw.com
larry.mackey@btlaw.com
neal.brackett@btlaw.com
alyssa.hughes@btlaw.com

*Counsel for Defendant Nisha Patel*

21

*/s/ David Schertler*

David Schertler
Lisa Manning
**SCHERTLER ONORATO MEAD &**
**SEARS, LLP**
901 New York Avenue, N.W.
Suite 500 West
Washington, DC 20001
Telephone: (202) 628-4199
Facsimile:  (202) 628-4177 (fax)
dschertler@schertlerlaw.com
lmanning@schertlerlaw.com

*Counsel for Defendant Konstantin Ostaficiuk*

*/s/ Sozi Pedro Tulante*

Sozi Pedro Tulante
Jeffrey J. Masters
Carla G. Graff
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile:  (215) 994-2222
sozi.tulante@dechert.com
jeffrey.masters@dechert.com
carla.graff@dechert.com

*Counsel for Defendant David Rekenthaler*

*/s/ David Reichenberg*

David Reichenberg
**COZEN O'CONNOR P.C.**
277 Park Avenue, 20th Floor
New York, NY 10172
Telephone: (212) 883-4956
dreichenberg@cozen.com

Stephen A. Miller
Calli Jo Padilla
**COZEN O'CONNOR P.C.**
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-6938
Facsimile:  (215) 253-6777 (fax)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Defendant Richard Rogerson*