# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: *State Attorneys General Litigation* | MDL NO. 2724 16-MD-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br>17-3768<br>19-2407 |

**PLAINTIFF STATE OF MARYLAND'S ANSWERS TO QUESTIONS INFORMALLY RECOMMENDED BY SPECIAL MASTER MARION FOR CONNECTICUT**

Plaintiff State of State of Maryland ("Maryland"), by counsel, hereby voluntarily responds to certain sections of the Special Master's Informal Report and Recommendation to the State of Connecticut dated June 1, 2020.[1] These responses further supplement the responses and objections of Maryland, as previously submitted on December 2, 2019 (in response to Defendants' First Set of Interrogatories Propounded to the Plaintiff States dated October 31, 2019 served on behalf of the Plaintiff States), and the First Supplement served by Maryland on January 30, 2020.

---

[1] Pursuant to an informal agreement with Defendants dated August 21, 2020, the State of Maryland agreed to disclose sources it intends to rely on to support its remedies as set forth in the Special Masters Report and Recommendation.

These responses are submitted as part of fact discovery. Maryland reserves the right to supplement these responses. These responses do not replace expert discovery which will proceed according to the schedule ordered by the Court. Experts may request additional documents and data not collected during fact discovery to be used for reports and analyses that will be prepared during expert discovery. Maryland will rely on experts' reports and expert analyses to support and prove its claims for remedies.

Without waiving, and subject to, the previously asserted General and Specific Objections to Defendants' discovery requests and interrogatories, the State of Maryland responds to the agreed upon questions as follows:

> 1. *On or before November 16, 2020, or such Court-ordered or mutually agreed later date as is applicable to the State of Connecticut, the State of Maryland will inform Defendants of its theories of damages and the nature of any remedies it will seek at trial.*

Maryland is seeking the following remedies:

A.  Through its *parens patriae* authority, Maryland seeks damages on behalf of persons residing in Maryland. This is Maryland's sole compensatory claim.

B.  Maryland seeks civil penalties pursuant to the Maryland Antitrust Act, Md. Com. Law Code Ann. §11-209(a)(4). For purposes of this claim, each day the violation continues is a separate violation, and each violation is subject to not more than a $10,000 penalty. This remedy is a *penalty*, to serve generally as punishment and deterrence, and is not a compensatory claim.

C.  Maryland seeks disgorgement of all revenues, profits and gains achieved in whole or in part through the anti-competitive conduct of the Defendants which are the subject of the Complaints. This is an equitable remedy, based on the public policy embodied in the statute that the violator not benefit from unlawful conduct or reap the ill-gotten gains from its violation. It is not a compensatory claim.

1. Maryland will seek reasonable attorneys' fees pursuant to Md. Com. Law Code Ann. §11-209(b)(5), at such time as the case concludes should Maryland prevail in the litigation.

2. *On or before November 16, 2020, or such Court-ordered or mutually agreed later date as is applicable to the State of Connecticut, the State of Maryland will identify the nature and source of all known documents and data it will rely upon to prove its purported remedies.*

The nature and source of the documents and data known to Maryland at this time are identified below. The materials provided by these sources may be relied upon to support the theories of recovery listed above except for attorneys' fees and costs. As expert discovery has yet to commence Maryland is unable to ascertain with certainty the precise documents that will be relied upon by its experts to support its theories of recovery. Additionally, Defendants have not yet filed Answers and Maryland may need to identify additional documents and data to rebut any defenses put forth by the Defendants. Maryland identified the nature and sources of documents listed below that it believes its experts may consult in preparing their analyses and reports. Maryland reserves the right to supplement this list as additional information is identified and collected.

Documents for attorneys' fees and costs will be provided at the appropriate time should Maryland prevail in the litigation.

Maryland may rely on the following:

The nature of the documents and data known to Maryland are structured data and unstructured documents, received in discovery from:

(a) the Defendants and Plaintiffs in these actions,

3

(b) non-parties who have been served Rule 45 subpoenas in these actions (by Plaintiffs and by Defendants) including but not limited to structured data relating to the purchase and sales of Drugs at Issue in the MDL and documents, including emails with the defendants, relating to the contracts, invoices, trade association meeting minutes and agendas, member lists, and summaries and analyses of the generic pharmaceutical drug industry; (Exhibit A)

(c) Minnesota Multistate Contracting Alliance for Pharmacy (MMCAP), which produced structured data in response to an open records request under Minnesota state law and produced additional unstructured documents;

(d) state Medicaid agencies, which voluntarily produced state utilization data as facilitated by Plaintiff States, and

(e) IQVIA (formerly Intercontinental Medical Statistics "IMS"), in the form of structured data and

(f) Analysource, in the form of purchased structured data.

3. *On or before March 1, 2021, the State of Maryland will produce any and all aforementioned documents and data within its possession, custody, or control*

The State of Maryland will supplement this response with references to documents to be produced, per the agreement of counsel, on or before March 1, 2021.

Dated: November 16, 2020                    STATE OF MARYLAND


BRIAN E. FROSH

ATTORNEY GENERAL

BY: *John R. Tennis* (signature)

John R. Tennis
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
(410)576-6473
jtennis@oag.state.md.us

5

Insert Exhibit A
Rule 45 Subpoena Recipients in the MDL
(up to date copy from CT)

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I caused a true and correct copy of the foregoing Plaintiff State of Maryland's Responses in Accordance with the Special Master's Report and Recommendation to be served via email upon the following liaison and additional counsel of record:

Sheron Korpus, Esq.
Kasowitz Benson Torres LLP
skorpus@kasowitz.com

Jan P. Levine, Esq.
Pepper Hamilton LLP
levinej@pepperlaw.com

Saul P. Morgenstern, Esq.
Arnold & Porter Kaye Scholer LLP
saul.morgenstern@apks.com

Chul Pak, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
cpak@wsgr.com

Laura S. Shores, Esq.
Arnold & Porter Kaye Scholer LLP
laura.shores@apks.com

MDL2724AllDeftsService@pepperlaw.com

MDL2724plaintiffsleadsetc@ag.ny.gov

By: **s/ John R. Tennis**
John R. Tennis
Assistant Attorney General
Chief, Antitrust Division

6

## EXHIBIT A

| Rule 45 Subpoena Recipients in the MDL, current as of November 12, 2020 |
| --- |
| Aetna Pharmacy Management Services LLC |
| Allergan |
| American Pharmacy Network Solutions, LLC |
| AmeriSource Bergen |
| Anda, Inc. |
| Araya, Inc. |
| Arete Pharmacy Network, LLC |
| Association for Accessible Medicine f/k/a GPhA |
| Benecard Services, Inc. |
| Capital Wholesale Drug Company |
| Cardinal Health, Inc. |
| ClarusONE Sourcing Services, LLP |
| Community Independent Pharmacy Network |
| Curascript |
| CVS Caremark |
| CVS Health |
| CVS Pharmacy, Inc. |
| Dakota Drug, Inc. |
| DMS Pharmaceutical Group, Inc. |
| Droguería Betances, Inc. |
| EconDisc Contracting Solutions, LLC |
| Efficient Collaborative Retail Marketing Company, LLC |
| EnvisionRX Options |
| EPIC Pharmacy Network, Inc. |
| Express Scripts, Inc. |
| H.D. Smith, LLC |
| Healthcare Distribution Alliance |
| HospitalityRX |
| Humana, Inc. |
| Intalere, Inc. |
| JM Smith Corporation |
| KeySource Acquisition LLC |
| Louisiana Wholesale Drugs Co., Inc. |
| McKesson Corporation |
| Medimpact Healthcare Systems, Inc. |
| Miami-Luken, Inc. |
| MMCAP |
| Morris & Dickson Co., LLC |

| |
|---|
| National Association of Chain Drug Stores, Inc. |
| National Community Pharmacists Association |
| National Medicaid Pooling Initiative/Magellan Medicaid Administration |
| Navitus Health Solutions |
| North Carolina Mutual Wholesale Drug Company |
| Northeast Pharmacy Service Corp. |
| Optisource LLC |
| OptumRx |
| Pharmacy Buying Association, Inc. d/b/a TriNet |
| Pharmacy Providers of Oklahoma d/b/a RxSelect |
| Premier Healthcare Alliance |
| Prescription Supply, Inc. |
| Prime Therapeutics LLC |
| ProAct, Inc. |
| Provider Synergies, LLC (Top Dollar Program (TOP$)) |
| Publix Supermarkets Incorporated |
| Quality Care Products, LLC |
| Real Value Products Corporation |
| Red Oak Sourcing, LLC |
| Rite Aid Corporation |
| Script Care, Ltd. |
| SS&C Health Pharmacy Solutions |
| Target Corporation |
| Value Drug |
| Vizient |
| Walgreens Boots Alliance |
| Walmart |
| Wholesale Alliance, LLC d/b/a Pharmacy First, & Wholesale Alliance, LLC d/b/a Third Party Station |
| YS Marketing, Inc. d/b/a Numed Pharma |