IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | * | MDL No. 2724 |
| | * | 16-MD-2724 |
| THIS DOCUMENT RELATES TO | * | |
| *STATE AG ACTIONS* | | HON. CYNTHIA M. RUFE |
| | * | |
| | | Civil Action No.: 19-cv-2407-CMR |

\* \* \* \* \* \* \* \* \* \* \* \*

**STATES' MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The States respectfully request leave of Court to file the proposed response to Defendants' Notice of Supplemental Authority, Dkt. 243, attaching *AMG Capital Management, LLC v. FTC*, 141 S.Ct. 1341 (2021) ("Notice"). For the reasons explained in the proposed response, attached as Exhibit 1, the *AMG* case has no bearing on the States' equitable monetary relief arguments and thus offers no additional support to the Defendants.

Dated: May 14, 2021                                       Respectfully submitted,

/s/ Schonette J. Walker                                   /s/ W. Joseph Nielsen
SCHONETTE J. WALKER                                       W. Joseph Nielsen
GARY HONICK                                               Assistant Attorney General
Assistant Attorneys General                               165 Capitol Avenue
200 Saint Paul Place, 19th Floor                          P.O. Box 120
Baltimore, Maryland 21202                                 Hartford, CT 06141-0120
swalker@oag.state.md.us                                   Tel: (860)808-5040
ghonick@oag.state.md.us                                   Fax: (860)808-5391
(410) 576-6470                                            Joseph.Nielsen@ct.gov

                                                          Liaison Counsel for the States

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | * | MDL No. 2724 |
| | * | 16-MD-2724 |
| THIS DOCUMENT RELATES TO | * | |
| *STATE AG ACTIONS* | | HON. CYNTHIA M. RUFE |
| | * | Civil Action No.: 19-cv-2407-CMR |

* * * * * * * * * * * *

**STATES' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' JOINT MOTIONS TO DISMISS PLAINTIFFS' FEDERAL AND STATE LAW CLAIMS**

The States submit this response to Defendants' Notice of Supplemental Authority, Dkt. 243, attaching *AMG Capital Management, LLC v. FTC*, 141 S.Ct. 1341 (2021) ("Notice"). Contrary to Defendants' assertions, the *AMG* case has no bearing on the States' argument that equitable monetary relief, including disgorgement, is available under Section 16 of the Clayton Act. *See* State Opposition to Defendants' Joint Motion to Dismiss the States' Federal Law Claims for Lack of Standing, Dkt. 203 at 6-9, and States' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss States' State-Law Claims, Dkt. 207 at 3-5. The *AMG* decision is not relevant to any of the States' federal or state law claims, and thus offers no additional support to Defendants.

The decision in *AMG* addresses a very specific provision of the Federal Trade Commission Act—Section 13(b). In *AMG,* the Supreme Court answered one precise legal question: "Did Congress, by enacting §13(b)'s words, 'permanent injunction,' grant the Commission authority to obtain monetary relief directly from the courts, thereby effectively bypassing *the process set forth in §5 and §19*?" *AMG Capital,* 141 S.Ct. at 1347 (emphasis

added). In answering no, the Court focused on the Act's elaborate statutory structure that provides the FTC with a step-by-step process within which to seek remedies, beginning with the FTC's own administrative process. The States, by contrast, seek equitable monetary relief under Section 16 of the Clayton Act and specific state laws. Unlike the FTC Act, Section 16 of the Clayton Act contains no statutory structure or administrative process that plaintiffs must pursue before seeking equitable monetary relief from a court. State law claims that rely on authorization for "injunctions" or "injunctive relief" are likewise unaffected by *AMG*. Appropriate equitable relief under state law claims is a matter of state law, not federal law. *See* Dkt. 207 at 3-5. The analysis in *AMG* is limited to a specific statutory provision of the FTC Act and to the FTC's statutory and administrative scheme. Defendants cite no precedent to support that this analysis is or would be applicable to any state antitrust law claims. *AMG,* therefore, offers the Defendants no help.

Finally, the States' ability to pursue equitable monetary relief under federal law in Section 16 of the Clayton Act is based on Supreme Court precedent, *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) and *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288 (1960), which the Court cited in *AMG*. *AMG Capital*, 141 S.Ct. at 1348, 1350. This precedent holds that a court's equity jurisdiction is broad and limited only by express statutory language. *See Porter,* 328 U.S. at 398; *Mitchell*, 361 U.S. at 290-91. The *AMG* Court did not overrule *Porter* or *Mitchell*. Indeed, the *AMG* Court further clarified that precedent stating that whether a grant of "injunction" in a statutory scheme provides for equitable monetary relief "remains a question of interpretation *in each case.*" *AMG Capital*, 141 S.Ct. at 1350 (emphasis added). *AMG* is *not* the blanket bar to equitable monetary relief that Defendants suggest. The Defendants' Notice also opines that the Supreme Court in *AMG* leaves *FTC v. AbbVie, Inc.* "in place" as controlling

Third Circuit precedent. The States agree and further note that the *AbbVie* Court confirmed that its analysis was indeed "faithful to *Porter* and *Mitchell*." 976 F.3d 327, 379 (3d Cir. 2020).

Respectfully submitted,

| | |
|---|---|
| */s/ Schonette J. Walker* | */s/W. Joseph Nielsen* |
| SCHONETTE J. WALKER | W. Joseph Nielsen |
| GARY HONICK | Assistant Attorney General |
| Assistant Attorneys General | 165 Capitol Avenue |
| 200 Saint Paul Place, 19th Floor | P.O. Box 120 |
| Baltimore, Maryland 21202 | Hartford, CT 06141-0120 |
| swalker@oag.state.md.us | Tel: (860)808-5040 |
| ghonick@oag.state.md.us | Fax: (860)808-5391 |
| (410) 576-6470 | Joseph.Nielsen@ct.gov |
| | |
| | Liaison Counsel for the States |

3

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | * | MDL No. 2724 |
| | * | 16-MD-2724 |
| THIS DOCUMENT RELATES TO | * | |
| *STATE AG ACTIONS* | | HON. CYNTHIA M. RUFE |
| | * | |
| | | Civil Action No.: 19-cv-2407-CMR |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**[PROPOSED] ORDER GRANTING LEAVE TO FILE RESPONSE**

**AND NOW**, this _____ day of _____, 2021, upon consideration of the States' Motion for leave to file a response to Defendants' Notice of Supplemental Authority, it is hereby **ORDERED** that the motion is **GRANTED**. The States are permitted to file the Response, which is attached as Exhibit 1 to their motion for leave to file.

**IT IS SO ORDERED.**

BY THE COURT:

_____
**CYNTHIA M. RUFE**